## AMOS C. GRAVES

*v.*

## FANNIE E. SHOEFELT.

1. JUSTICE OF THE PEACE—*jurisdiction, waiver.* If a person not a justice of the peace were to assume the functions of such officer and issue a writ of replevin, he would be a trespasser; but if the defendant in such writ were to apply to him and procure a change of venue to a person who was a justice, and then proceed to trial before the latter, he thereby waives all objection to the want of jurisdiction and confers it on the officer trying the case, both as to the person and the subject matter, and can not maintain a motion to dismiss the suit on appeal in the circuit court.

2. VENUE—*change of—notice.* It is not error for the circuit court to overrule an application for a change of venue, where no notice of the motion has been given to the other party.

3. REPLEVIN BOND. It is not ground for dismissing a replevin suit, on appeal in the circuit court, that the bond does not correctly state the date of the writ.

4. ERROR *will not always reverse.* A judgment will be affirmed if it is clearly sustained by uncontradicted evidence, notwithstanding the court may have given an erroneous instruction, where it can be seen no injury could result therefrom.

APPEAL from the Court of Common Pleas of the city of Aurora; the Hon. RICHARD G. MONTONEY, Judge, presiding.

Mr. J. D. DUNNING, party in interest, for the appellant.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

This was an action of replevin, originally commenced, by appellee against appellant, before one D. Iliff, as a justice of the peace, for the alleged wrongful taking by appellant of a sewing machine, the property of appellee.

The case was taken by a change of venue, on appellant's application, from Iliff to Rood, a justice of the peace, before whom both parties appeared, and the cause was tried before a jury, whose verdict was unfavorable to appellant, and he thereupon took an appeal to the Court of Common Pleas of the city of Aurora, and there made a motion to dismiss the suit, on the ground that Iliff was not a justice of the peace, in law or fact, and for want of a sufficient replevin bond, which motion was overruled by the court and exception taken. Appellant, upon the affidavit of J. Dunning, who claimed to be the party in interest, moved for a change of venue on account of the prejudice of the judge. This motion was also overruled. The case was tried before the court and a jury. Upon the trial, appellant sought to justify the taking of the sewing machine by virtue of a landlord's distress warrant issued by said Dunning, for rent due from appellee to him to the amount of $9.

This defense was sought to be avoided by appellee by showing that she was the head of a family, having three children to support, and that the sewing machine was exempt from distress. The jury returned a verdict in favor of appellee. The court overruled a motion for a new trial made by appellant, gave judgment on the verdict, and the case is brought here by appeal.

The grounds for reversal are:

*First*—That the court erred in denying appellant's motion to dismiss the suit.

*Second*—In denying the motion for a change of venue.

*Third*—In giving improper instructions on behalf of appellee, and overruling the motion for a new trial.

The motion to dismiss the suit was properly denied. If Iliff was not a justice of the peace, either *de jure* or *de facto*, he made himself liable as a trespasser, and the writ was void. But by applying for, and taking a change of venue to Rood who was a lawful justice, and both parties going to trial before him and a jury, jurisdiction of the subject matter and the parties was conferred upon that court, to the same extent as if Rood had issued the writ.

By the 66th and 67th sections of the Justices' Act, R. S. 325, the only exception which can be taken in the circuit or appellate court, to the proceedings before the justice, is, that the justice had no jurisdiction of the subject matter of the suit.

The only objection to the replevin bond is, that the date of the commencement of the suit is not correctly recited in the condition, it being "on or about the 3d day of August," whereas the transcript shows that it was the 20th of August. This variance was immaterial. The suit and the property replevied were sufficiently described to give the obligee a complete remedy upon the bond.

The motion to change the venue was properly overruled, because the record fails to show that any notice was given to the opposite party.

The instruction given on behalf of appellee, was as follows:

"If the jury believe, from the evidence, that the machine in controversy was the only implement or means of obtaining a livelihood that plaintiff owned, and that it was used for the purpose of carrying on her trade or business, and that it was not exceeding $100 in value, and that the defendant, Graves, took it from her before the commencement of this suit, the jury should find for the plaintiff."

The objection made to it is, that it did not submit to the jury the question whether or not the plaintiff was the head of a family, or householder. It was defective in this respect, in failing to submit the question whether plaintiff belonged to

the class of persons to whom the exemption is extended. But it appears that she was, in fact, the head of a family, and where it appears by the uncontradicted testimony, as it does here, that the verdict is supported by the evidence, and substantial justice has been done, this court will not reverse for such defect in the instruction.

The judgment of the court below is affirmed.

*Judgment affirmed.*