JOSEPH DEMARA *vs.* RHODE ISLAND COMPANY.

JUNE 12, 1919.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, Stearns, and Rathbun, JJ.

*(1)  Compromise.  Evidence.  New Trial.*

Where evidence as to the liability of a defendant was conflicting, it cannot be said that the prejudice arising from placing before the jury evidence as to an attempted settlement by defendant, might not have been the determining factor by which a verdict was found for the plaintiff, in spite of the charge of the trial court to disregard it, and under such circumstances a new trial will be granted.

*(2) Objectionable Evidence.   Motion to Pass Case.   Exceptions.*

The benefit of exception to objectionable evidence is not lost because counsel did not object upon the instant and move that the case be passed; where the witness closed his evidence very shortly thereafter, and counsel immediately made his motion in the absence of the jury.

TRESPASS ON THE CASE for negligence.   Heard on exceptions of defendant and sustained.

PARKHURST, C. J.   This is an action of trespass on the case for negligence to recover for personal injuries alleged to have been sustained by the plaintiff by reason of a collision on November 4, 1915, between an auto-truck, on which the plaintiff was riding as a passenger, and a car of the defendant company.

The case was tried before a judge of the Superior Court sitting with a jury, November 13–20, 1918, and resulted in a verdict for the plaintiff in the sum of $3,500; thereafter defendant's motion for a new trial was heard and denied, and the defendant has duly prosecuted its bill of exceptions to this court alleging in all eighteen exceptions, of which only three were pressed before this court, the other exceptions being expressly waived.

The exceptions urged in argument are those numbered respectively 6, 16 and 17, the two latter exceptions being to the denial of defendant's motion for a new trial based upon the grounds that the verdict is contrary to the evidence and the weight thereof, and that the verdict is contrary to the law.

Exception No. 6 is "To a ruling of said justice, at said trial, refusing to grant defendant's motion to take the case from the jury and pass the same, as appears on pages 414 and 415 of said transcript."   The testimony, upon which this motion "to take the case from the jury and pass the same" is based, is to be found on pp. 411–412 of the transcript almost at the conclusion of the plaintiff's testimony when he was under examination by his own attorney, and is as follows:   "Q.   Did anybody representing the railroad company come to see you while you were at home in bed?

A. Yes, sir.   Q. Who was it?   A. A man named Mr. Mott.
Q. Did he tell you what his purpose was?   A. Yes, sir.
Q. What did he tell you his purpose was?   A. He said he
was trying to settle it.   Q. The business, Claim Agent?
A. Claim Agent." The attorney for the defendant did not
at the moment object or raise a question as to this testimony,
but waited until the plaintiff's direct examination was com-
pleted (a few more questions only being asked him, con-
cluding on p. 414); at that point counsel for defendant
consulted with the court, the jury was directed to retire, and
in the absence of the jury, defendant's counsel made his
motion that the case be passed, calling attention to the
testimony above quoted, and stating his objection thereto;
there was a short colloquy between court and counsel, the
court evidently believing from its language to plaintiff's
attorney that the evidence was improper and prejudicial;
p. 415: "*The Court:* You were getting around to talk
about the Claim Agent; you are on dangerous ground. The
plaintiff's lawyer ought to be careful." Again the court
says: "*The Court:* Well, I will deny the motion, Mr.
O'Connell. But your man puts on me the burden of fight-
ing with that jury over that word." (The last sentence ad-
dressed to plaintiff's attorney.) After a short recess the
jury was brought in and the case proceeded; and nothing
was said to the jury at that time about this objectionable
testimony, nor were they then and there cautioned and
directed to disregard it; the judge spoke about it in his
charge; he then told them in substance that such testimony
regarding an attempt to settle a case was improper and
prejudicial and ought to be strictly excluded, and on pp.
689–690 of the transcript he said as follows: "Now, for
those reasons, and perhaps others, talk about compromise
or settlement is strictly excluded; and very often it happens
that the consequence which follows from an injection of
that kind of testimony is simply to take the case away from
the jury and stop it right where it is. But this case had
run along so long, so many days, and so much time and

trouble and, probably, expense that has been put into it, that I felt I would take a chance and not do that, not stop the case there, and take a chance of your doing your duty in this respect; and that is to give absolutely no effect either one way or the other to that part of Demara's testimony; treat it as though it had never been uttered. That is your duty, and I'll assume that you will do it."

All these words of the court seem to us to show that he fully recognized the prejudicial character of the testimony complained of, and that he was, as he said, taking "a chance" that what he said to the jury might cause them to do their duty; it is quite plain that he felt no assurance that his words would have that effect, but was in serious doubt as to the propriety of his action.

(1)     We are of the opinion that the defendant's exception upon this point must be sustained. The principle of law here involved was well stated by Dubois, J., in the case of *Salter v. The Rhode Island Company*, 27 R. I. 27. "One of the grounds for a new trial relied upon by the defendant is based upon the persistent attempt of the attorney for the plaintiff to bring before the jury offers of settlement, claimed to have been made by officers or agents of the defendant, which the presiding justice had properly excluded as inadmissible.

"That this action upon the part of the plaintiff's counsel was deliberate appears from the fact that the attempt was first made and abandoned during the examination of the plaintiff, and afterwards was brought to a successful conclusion in the examination of the plaintiff's wife, as appears from the following extracts from the record of their testimony." . . .

" '67 Q. You don't know of any settlement that the company has made with you or your husband? A. No, sir, they asked to settle two or three times. 68. Q. Now I will ask you whether before these injuries—' " . . .

(Objections and exceptions.)

"It is well-settled law that offers to compromise or to buy peace or cessation of litigation are favored by the law;

such communications are privileged, are confidential, and if unsuccessful can not be used against the party making them as evidence of an admission of liability.   As ignorance of the law excuses no one, all persons, including members of the bar, are presumed to know the law; the counsel should have recognized it, especially after his attention had been directed to it by the court.   His concluding remarks, hereinbefore referred to, indicate that he was unwilling that the jury should lose the effect of the objectionable question and answer, even after he had withdrawn them."

"To measure the effect of such misconduct upon the verdict in a case where the evidence for the plaintiff was not conclusive is beyond the power of the court, and although it imposes hardship upon the parties to require a retrial of the cause, it is the only remedy for the correction of such abuses." (Exception sustained and new trial granted.)

The statement above quoted shows a case of aggravated and persistent misconduct on the part of the attorney, far beyond that appearing in the case at bar; but it is to be noted that the new trial is granted, not for the purpose of punishing the attorney, but because of the prejudice which the court believes has been injected into the minds of the jury by such testimony which would naturally be construed by the jury as an admission of liability on the part of the defendant.

It is to be noted also that in the last paragraph of the opinion quoted Mr. Justice DuBois uses these words, "in a case *where the evidence for the plaintiff was not conclusive;*" in the case at bar the evidence for the plaintiff was not conclusive; it is strenuously contended by defendant that the evidence on the question of the negligence of the defendant strongly preponderates in its favor; the evidence as to the liability of the defendant was sharply conflicting, and it is impossible for this court to say that the prejudice naturally arising from placing before the jury the evidence as to an attempt to settle the case might not have been the very determining factor of the case in the minds of the jury in

coming to their verdict, in spite of all that was said to them by the judge in his charge.

The plaintiff's attorney in his brief cites certain cases wherein exceptions relating to inadmissible matters brought before the jury, and which they were instructed not to consider, were deemed to have been covered by the instructions of the trial court, and were overruled by this court. In *McHugh* v. *R. I. Co.*, 29 R. I. 206, 208, the exceptions related not to evidence before the jury but to certain statements of counsel in the opening and during the trial; this court found that the statements objected to were promptly and properly treated by the trial court and that there was no reversible error. In *Tillinghast* v. *Sawyer*, 68 Atl. 478, a suit for alienation of plaintiff's husband, it appears that plaintiff, the wife, was allowed over objection "to state some conversation with her husband. This was error, but in view of the weight of evidence proving the desertion, the declarations of the husband could not have had any appreciable influence on the verdict." In *McGinn* v. *Comstock & Son Co. et al.*, Ex. No. 5236, a case of collision between two automobiles, a statement regarding both of the parties being insured, was a part of a statement otherwise admissible as part of the *res gestae*. The court upon objection made to that part of the evidence regarding insurance at once instructed the jury to disregard what was said about insurance, and refused to take the case from the jury; and this court found that there was no reversible error.

We do not find in these cases anything to sustain the plaintiff's contention in the matter of this exception.

(2)   The defendant was not in default in taking his exception because he did not upon the instant when this inadmissible testimony was put in, at once object and move that the case be passed; its attorney was probably surprised and was justified in waiting to see whether this answer was followed up by any other such testimony; it was very near the conclusion of the plaintiff's evidence in direct examination which closed in a very few minutes; it was very appropriate that

the motion to pass the case should have been made when it was and in the absence of the jury, when the jury could be excused without stopping the plaintiff's further examination which was unobjectionable.

As to defendant's exceptions 16 and 17, taken to the denial of defendant's motion for a new trial, involving the evidence and the weight thereof and the law of the case, we do not intend to deal with them at this time for the reason that we do not find that the case was properly submitted to the jury in the matter of the evidence above referred to. When it shall appear that the case has been submitted to the jury without prejudicial and reversible error, it may then become our duty to consider exceptions of this character.

Defendant's exception No 6 is sustained; all of defendant's other exceptions are overruled and the case is remitted to the Superior Court sitting in Providence County for a new trial.

*Cooney & Cooney,* for plaintiff.
*Clifford Whipple, Alonzo R. Williams,* for defendant.