SEBASTIAN BERNHARDT ET AL. *vs.* MICHAEL CAPPELL-
ETTI ET AL.

Third Judicial District, Bridgeport, April Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES AND HINMAN, JS.

Where an appellant fails to annex to his motion to correct the
finding the written exceptions and the evidence supporting them
as required by the rules, this court is unable to review the
refusal of the trial court to grant the motion.

The objects of the affidavit of value which must accompany a writ
of replevin, are to aid in identifying the property, to govern or
guide in fixing the amount of the bond, and to determine the
jurisdiction of the court in cases where jurisdiction is limited
by the amount involved.

It is obviously impracticable, at the commencement of the action,
always to state with entire accuracy the value of the property.

The value of the property as stated in the affidavit is prima facie
evidence of its true value, but it is not conclusive, either
as an admission or by way of estoppel, and when occasion
arises, either in the replevin action or in a subsequent proceeding
on the replevin bond, the parties are entitled to introduce any
competent evidence of the true value and to have the same
determined accordingly.

Argued April 13th—decided May 29th, 1926.

ACTION upon a replevin bond, brought to the Dis-
trict Court of Waterbury and tried to the court, *Make-
peace, J.;* judgment rendered for the plaintiffs for
$305.30, from which they appealed. *No error.*

*Albert W. Hummel,* for the appellants (plaintiffs).

*Frederic W. Dauch,* with whom, on the brief, was
*Edward Mascolo,* for the appellees (defendants).

HINMAN, J.   On February 16th, 1923, one Tierney,
a deputy sheriff, attached a Kissell touring car and a
Dodge truck as the property of Matusevice in an action
by the present plaintiffs against Matusevice and an-

other.  On April 24th following, the defendant Cappelletti caused the cars to be replevied from Tierney, by a writ in which Neagle made affidavit in the prescribed form that the value of the cars was $1,000, and Cappelletti and Celestino Iannantuoni, defendants in the present action, executed the usual replevin bond, as principal and surety, respectively, in the sum of $2,000. Tierney, as defendant in replevin, interposed a special defense and counterclaim alleging that the cars were the property of Matusevice, and upon this, on February 26th, 1924, had judgment for return of the property and $1 damages.  This judgment was appealed from, and affirmed in *Cappelletti* v. *Tierney,* 101 Conn. 562, 126 Atl. 839.  The present action upon the bond was instituted on January 16th, 1925.  From April 24th, 1923, to January 19th, 1925, the cars remained in the possession of either Cappelletti or Matusevice to the exclusion of the plaintiffs.  A judgment of $1,025.65 and costs, obtained by the plaintiffs in their action against Matusevice *et al.,* remains unpaid.

The trial court, in the present action, concluded that the plaintiffs were entitled to recover from the defendants $200, being the value of the two cars as of February 26th, 1924, the date of judgment in the replevin action (any depreciation in value between the date of replevy and date of judgment being held to have been adjudicated in and covered by the judgment in that action) plus the amount of judgment and costs in the replevin action, and interest, a total of $305.30.  Judgment was rendered accordingly, and the plaintiffs appealed.

The first three reasons of appeal cannot be considered, for the reason that they seek review of certain rulings on evidence which are designated only by reference to portions of the draft-finding which are neither incorporated in the finding nor otherwise

printed in the record, and so are not before us. The fifth reason of appeal asserts the appellants' claim that the finding should be corrected in accordance with the motion to correct which was filed in and denied by the trial court; but they failed to annex to their motion the required exceptions and evidence supporting the same, and we are therefore unable to review the refusal of the trial court to correct the finding. *Hartford-Connecticut Trust Co.* v. *Cambell,* 97 Conn. 251, 116 Atl. 186.

The remaining (fourth) reason of appeal presents the contention, in substance, that the value of the automobiles stated in the affidavit in the writ of replevin—$1,000—is conclusive as to their value at the time they were replevied, that the defendants are estopped from asserting otherwise, and that the judgment in the present action should be for that sum plus interest and costs.

The objects of the affidavit of value are to aid in identifying the property, govern or guide in fixing the amount of the bond, and determine the jurisdiction of the court in cases where jurisdiction is limited by the amount involved. Cobbey on Replevin (2d Ed.) § 539. It is manifestly impracticable, in beginning an action, to always state the value of the property with entire exactness, and it is unreasonable that the plaintiff in replevin should be precluded from proving the real value because, perhaps for reasons which turn out not to be well-grounded, the value may have been stated in the affidavit to be higher than it actually is.

While the value of the property as stated in the affidavit is presumed to be its true value until otherwise shown in subsequent proceedings and is prima facie evidence of that value, on both reason and authority it is not conclusive, and when occasion arises, either in the replevin suit or in subsequent action on the re-

plevin bond, the parties are entitled to introduce any competent evidence of the actual value and have the same determined accordingly. Cobbey on Replevin (2d Ed.) § 539; 34 Cyc. p. 1605; *Maguire* v. *Pan-American Amusement Co.,* 205 Mass. 64, 91 N. E. 135; *Wright* v. *Quirk,* 105 Mass. 44; *Richardson* v. *Gilbert,* 135 Ill. App. 363; *Farson* v. *Gilbert,* 85 Ill. App. 364; *Malsby* v. *Gamble,* 61 Fla. 310, 54 So. 766; *Henderson* v. *Desborough,* 28 Mich. 170.

The value stated in the affidavit is not such an admission by the plaintiff in replevin as to bind him irrevocably in a subsequent inquiry as to the value of the property; Cobbey on Replevin (2d Ed.) § 540; and he is not estopped, when defendant in an action on the replevin bond, from proving that the value of the goods replevied was less than indicated by the affidavit and bond. *Briggs* v. *Wiswell,* 56 N. H. 319.

The trial court, therefore, was correct in determining the actual value of the property and assessing damages based thereon, instead of upon the value stated in the affidavit.

There is no error.

In this opinion the other judges concurred.