ISRAEL CHERNICK *vs.* NATIONAL SURETY CO.

JANUARY 9, 1930.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Barrows, and Murdock, JJ.

420

BARROWS, J. Israel Chernick's automobile was taken on a writ of replevin issued March 27, 1926, by the L. A. W. Acceptance Corporation. The National Surety Co. was surety on the bond. Title was found to be in Chernick and judgment was rendered for return and restoration. 49 R. I. 434. Return was not made. Chernick then sued the Surety Co. and recovered judgment, according to General Laws 1923, Chapter 344, Section 3 (5064), for the penal sum of the bond, $2,500. The recital in the bond asserted this to be double the value of the automobile when seized.

Proceedings to chancerize the bond then were taken. In fixing the amount for which execution shall issue, Section 4 (5065) requires chancerization for "so much of the penal sum as shall then be due and payable in equity and good conscience, for the breach of the condition." In this case the amount is conceded to be the value of the car at the time of seizure with interest and costs.

The question on chancerization was whether this value was *conclusively* fixed for the Surety Co. by the recital in the bond. The Surety Co. claimed no greater rights than the obligor. Evidence of lesser value than recited was offered and the court said that it appeared "as though some figure in the neighborhood of $1,000 might be the fair value." However, it disregarded the evidence of lesser value than $1,250, feeling that language in *Smith* v. *Goff &*

*Darling*, 29 R. I. 439, and *Burke* v. *Barnum & Bailey*, 40 R. I. 71, required such ruling. The bond-was, therefore, chancerized at $1,250 plus interest of $225 and costs of $5, a total of $1,480. Chernick took no exception. Defendant's exception now before us asserts error in holding that the recital in the bond was conclusive on the Surety Co.

Excellent authority holds the recital conclusive. *Washington Ins. Co.* v. *Webster*, 125 U. S. 426; *Cyclone Steam Snow Plow Co.* v. *Vulcan Iron Works*, 52 Fed. Rep. 920 (8th Circ.), affirming 48 Fed. Rep. 652 (D. C.) (Minn.); Wells on Replevin, 2nd ed. §§ 453, 569, 660; 34 Cyc. 1595, n. 95; 2 Sedgwick on Damages, 9th ed, p. 1038, § 532. The reason asserted is that a plaintiff in replevin, by reciting in the bond the value of the property, has made an admission which estops him from asserting a lesser value when sued for breach of the condition.

Whether such a statement should be conclusive depends on the nature of the replevin bond. Replevin proceedings are largely affected by statute, Wells, § 440, p. 388; they vary in the several states, *Warren* v. *Leiter*, 24 R. I. 36. Upon the Superior Court was pressed the applicability to this replevin bond, of the rule stated in *Easton* v. *Driscoll*, 18 R. I. 318, at 321, and repeated in *Burke* v. *Barnum & Bailey*, *supra*, at p. 77,—"where a distinct statement of fact is made in the recital of a bond, it is not competent for the party bound, to deny the recital, in an action upon the instrument and between the parties to it." In each of these cases denial of the fact recited, if permitted, would have defeated any recovery on the bond which the obligor had given to the sheriff in order to repossess himself of attached property: in the former, denial was offered of the existence of the attachment; in the latter, denial was of corporate existence of the obligor who signed it as a corporation. Estoppel was necessary against such obligor in order to save rights of the obligee who had given up the goods in reliance on the obligor's statements. *Jennison* v. *Haire*, 29 Mich. 207, at 214; *Decker* v. *Judson*, 16 N. Y. 439. The

obligors had repossessed themselves of attached property by virtue of acts and representations that they had given a valid bond.

Where denial, if permitted, might destroy the bond, estoppel should be applied. It is not compulsory upon the court to invoke it where the validity of the bond will not be affected by denial of the fact recited. An example of the latter is an erroneous recital of a date. *Graves* v. *Shoefelt*, 60 Ill. 462.

Is statement of value as employed in our replevin bonds vital to their validity? The valuation placed in this bond by the L. A. W. Acceptance Corporation was important in the replevin suit as a basis to show jurisdiction of the Superior Court (over $500). *Mack Motor Truck Co.* v. *Dorsey*, 45 R. I. 65; *McKittrick* v. *Bates*, 47 R. I. 240; *Bates* v. *American Surety Co.*, 50 R. I. 402; (Opinion filed Dec. 30, 1929). Too large a valuation could not adversely affect Chernick. It would only increase his security. In replevin cases exact valuation when the bond is executed is seldom possible. Our practice is to allow plaintiff to make what he considers a fair estimate. For reasons sometime unknown to plaintiff in replevin, and of which he can not reasonably be expected to know, he may value the property in the replevin bond at more than it is actually worth. An instance would occur if the conditional vendor of an automobile seized it for default in payment, reciting in his bond its value as he last knew it and knowing nothing of subsequent misuse by vendee which had seriously reduced its value. If a valuation is deemed too low the statute allows the owner to appeal to the court to increase the bond. G. L. 1923, Ch. 387, Sec. 4 (5879). Estoppel to show lesser value is not necessary to furnish to the obligee the protection of a valid obligation.

Does any other reason exist for an estoppel? We see none. Estoppel is a principle equitable in its nature employed to prevent inconsistency and fraud resulting in injustice. 21 C. J. 1060. It is a bar which precludes a

person from denying the truth of a fact he has agreed upon or has previously asserted or which, in legal contemplation, has become settled by judicial proceedings. 21 C. J. 1059. Estoppel upon the obligor in this replevin bond from showing the actual value of the car when seized can not be rested on an agreement as to value by the parties as in *Smith* v. *Goff & Darling*, 29 R. I. 439, or on any judicial settlement of value in the replevin case. That trial proceeded without reference to the bond. The issue was Chernick's right to the automobile. *Jordan* v. *Dennis*, 7 Met. 590. The bond was subsidiary. Its object in the proceedings beyond fixing of jurisdictional value was to provide security to the officer and indemnity to Chernick if his property had been seized wrongfully. G. L. 1923, Ch. 387, Sec. 3 (5878). Wells § 398, p. 368. *Pierce* v. *King*, 14 R. I. 611. The present assessment of damages is the first proceeding in which a judicial determination of value has been attempted. "Equity and good conscience" do not require that the assertion in the recital be held conclusive on the obligor when it was never so understood or intended.

The doctrine of estoppel was not applicable; the recital was *prima facie* evidence of value but the Surety Company's evidence of lesser value than $1,250 was entitled to consideration by the trial justice. *Bernhardt* v. *Cappelletti* 133 Atl. 576 (104 Conn. 501) 1926; *Barnes* v. *Bartlett*, 15 Pick. 71; *Wright* v. *Quirk*, 105 Mass. 44; *Kimball* v. *Thompson*, 122 Atl. 46 (Me.) 1923; *Farson* v. *Gilbert*, 85 Ill. App. 364; *Richardson* v. *Gilbert*, 135 Ill. App. 363; *Briggs* v. *Wiswell*, 56 N. H. 319, at 324; 34 Cyc. 1605; Cobby on Replevin, § 539.

Inasmuch as Chernick took no exception and the Surety Co. does not question the assessment of $1,000 plus interest and costs, which will amount to $1,228.50 on January 11, 1930, we think that justice requires a reassessment of damages, for which execution shall issue, unless Chernick in the Superior Court is willing to remit all of $1,480 awarded to him in excess of $1,228.50. If he

shall file in the Superior Court on or before January 11, 1930, his remittitur, execution may issue for $1,228.50; if his remittitur be not filed in accordance with this opinion, the bond should be rechancerized.

Defendant's exceptions are sustained and the case is remitted to the Superior Court for further proceedings.

*Frank H. Wildes*, for plaintiff.

*Walling & Walling*, for defendant.