Merrimack, } No. 3738.
June 1, 1948. }

AMERICAN STEEL AND IRON COMPANY *v.* GEORGE A. WOOSTER *& a.*

*J. Morton Rosenblum* (by brief and orally), for the plaintiff.

*Sulloway, Piper, Jones, Hollis & Godfrey (Mr. Jones* orally), for the defendants.

DUNCAN, J. The exceptions to the findings and rulings made with respect to the merits of the replevin action are overruled. The finding that the parties to the contract did not intend title to pass until the vendor had loaded the rails on cars and delivered them to a carrier was warranted by the evidence. Since this was never done, property in the rails never passed to the plaintiff. *Chellis* v. *Grimes,* 72 N. H. 104; R. L., *c.* 200, *s.* 19, Rules 2, 5; *Id., s.* 46 (I). At the time of replevin, the defendants were entitled to immediate possession (*Claremont Gas Company* v. *Wooster,* 91 N. H. 439, 441), and the plaintiff was not. The defendants were accordingly entitled to judgment. Whether the plaintiff would also be precluded from maintaining the action because it was an unregistered foreign corporation (R. L., *c.* 280, *s.* 12), need not be determined.

By statute the defendants were also entitled to a return of such of the rails as remained in the possession of the plaintiff. R. L., *c.* 408, *s.* 7. Since none remained, judgment for the value of the rails was in accordance with established principles. *Canney* v. *Emerson,* 82 N. H. 487; *Claggett* v. *Richards,* 45 N. H. 360, 364; *Johnson* v. *Neale,* 6 Allen 227; *Stanley* v. *Neale,* 98 Mass. 343.

Although there was evidence that the special interest of the defendants had been terminated by discharge of the attachments during the pendency of the replevin action, a different judgment was not required. Whether there shall be judgment for a return is determinable according to the state of the facts at the time the judgment is entered. *Ware River Railroad Company* v. *Vibbard,* 114 Mass. 458.

The question of the general property in the goods was not tried. Cf. *Collins* v. *Evans*, 15 Pick. 63. The railroad, which presumably had general ownership, was not a party, and the plaintiff was not entitled to enforce the sales agreement by replevin. *Chellis* v. *Grimes, supra,* 106. Since it had no right to retain the goods, an order for their return, or its equivalent, was proper. *Dawson* v. *Wetherbee,* 2 Allen 461. The obligation of the defendants to account to the debtor for the goods previously attached (*Littlefield* v. *Davis,* 62 N. H. 492; *Webber* v. *Osgood,* 68 N. H. 234), was not affected by a judgment in their favor in the replevin action. Under similar circumstances, an order for return to the sheriff was made in *Dawson* v. *Wetherbee, supra.* The language of the Court is pertinent here: "But such dissolution of the attachment is no sufficient cause for denying the motion of the defendant for a return. If the attachment be dissolved, the attaching officer may yet be liable over to the debtor for a return to him of the property. . . . There is nothing to show any change in the title of the plaintiff, after the verdict, or any better right to the same than he had when he commenced his action of replevin. . . . " See also, *Kimball* v. *Thompson,* 4 Cushing 441, 448; *Quincy* v. *Hall,* 1 Pick. 357, 360; *Collins* v. *Evans, supra.* The exception to the order for judgment is overruled.

After judgment, the plaintiff was denied an opportunity to reopen the case for the purpose of permitting it to set off against the judgment of which it asserted the railroad was beneficial owner, an obligation alleged to be owing from the railroad to it. If the Court might in its discretion have granted the motion, it was not required to do so. *Cotton* v. *Stevens,* 82 N. H. 105. The duty of the defendants to account to the owner of the attached goods is not questionable. *Webber* v. *Osgood, supra; Munroe* v. *St. Germain,* 69 N. H. 200. The record discloses no reason to believe that the rights of the plaintiff and the railroad, *inter se,* are so far disputed as to be impossible of adjustment without litigation. If they are, no reason appears why they may not be determined as effectively by independent action. The relief sought was in no way "incidental" to the issues in the case before the Court. See *Derry Loan &c. Company* v. *Falconer,* 84 N. H. 450, 454. The refusal after judgment to exercise equitable jurisdiction to determine the plaintiff's rights against a third party was not an abuse of the Court's discretion.

*Exceptions overruled.*

All concurred.