Rockingham,
No. 5132.

## NATIONAL SHAWMUT BANK

*v.*

## ELLEN JANE CUTTER *& a.*

Argued October 1, 1963.
Decided December 30, 1963.

*Burns, Bryant & Hinchey* and *E. Paul Kelly* (*Mr. Kelly* orally), for the plaintiff.

*Fuller, Flynn & Powell* and *Thomas M. Dudley, Jr.* (*Mr. Dudley* orally), for the defendants.

KENISON, C.J.   Since there was a verdict for both defendants in the replevin action, they claim that they are entitled to damages under the replevin bond as a matter of law. There was authority for this view in *Kendall* v. *Fitts*, 22 N. H. 1, 9, 10, where the rule was laid down as follows: "In the action of replevin, damages should always be assessed, whether the verdict

be for the plaintiff or defendant. If the verdict be for the defendant, the damages should be for the value of the property taken; and, in case they be not paid, together with the costs of suit, resort is to be had to the replevin bond." However, this case was overruled in an opinion by Judge *Doe* in *McKean* v. *Cutler*, 48 N. H. 370, 374, in which he stated that damages were not essential to a valid judgment in replevin or other actions and, "that the decisions in *Kendall* v. *Fitts* cannot be sustained, and that no damages are necessary to the rendition of judgment on this verdict." The latter opinion correctly affirms the basic proposition that damages are awarded either to plaintiffs or defendants only if they are entitled to them. "Generally, the defendant is entitled to the value of the property, provided he shows a right to it; but there is no rule which requires the court to award damages to which the party appears not to be entitled." *Sanborn* v. *Leavitt*, 43 N. H. 473, 474.

A judgment for the defendant in a replevin action, without more, implies no direction for the return of the property or for the payment of damages. Annots. 65 A.L.R. 1302; 144 A.L.R. 1149; *Rosen* v. *United States Rubber Co.*, 268 Mass. 403. We are not left with implications in the present case since the Court found upon the evidence submitted as a fact and ruled as a matter of law that the defendants were not entitled to an award of damages in this replevin action. The plaintiff in a replevin action must prevail on the strength of his own title and not on the weaknesses of his opponents. Yet there may be many instances where a judgment for the defendant does not and should not include a judgment for the return of the property or the award of damages. See *Commercial Credit Corporation* v. *Flowers*, 282 Mass. 316. The plaintiff could not replevy the automobile from the personal defendant Cutter because the title was in Bayside. Likewise the plaintiff could not replevy the vehicle from Bayside because the conditional sales contract had been executed by the personal defendant Cutter and not her husband who was the principal officer of Bayside. The Court by refusing judgment for the plaintiff in the replevin action and by refusing to assess damages in favor of the defendant avoided circuity of action. We shall now examine whether the Trial Court's action is supported by the evidence.

In this state replevin has become impregnated with equitable principles without strict regard to its common-law limitations. "In replevin, justice and convenience of procedure in avoidance

of scattered and separate litigation may properly warrant incidental orders in the defendant's favor when he is not the prevailing party." *Derry Loan &c. Co.* v. *Falconer*, 84 N. H. 450, 454. The following quotation from *Vernon Corp.* v. *Granite &c. Co.*, 93 N. H. 315, 316 is indicative of the flexible approach used in replevin actions in this jurisdiction: "In replevin suits, it is frequently a matter of no small difficulty to properly protect the interests and to equitably adjust the rights of parties. Such suits are said to be in some respects *sui generis*, and the inclination of the courts . . . has been to give to them a flexibility sufficient to meet exigencies and adjust all equities arising in such actions." In a repossession proceeding the equities of all parties affected consistently have been taken into consideration. *Franklin Nat. Bank* v. *Austin*, 99 N. H. 59; *Caraway* v. *Jean*, 97 N. H. 506.

In the present case the defendants, individual and corporate, have made no payments on the balance due for the sale of the 1958 Mercury automobile. The automobile had been operated for a period of eleven months for some 29,000-30,000 miles, including business trips for Bayside and a vacation trip for the individual defendant and the corporate officer. There was evidence that a rental of an automobile for this period and for that mileage would exceed the amount of any equity that the defendants had in this automobile. So far as appears from this record any judgment for damages for the defendants would result only in unjust enrichment. We conclude that the Trial Court properly refused to award damages in this situation. *Hazelton Company* v. *Southwick Constr. Co.*, 105 N. H. 25. Here, as in *Franklin Nat. Bank* v. *Austin*, 99 N. H. 59, 62, "Literal restoration of the *status quo* is unnecessary." Under RSA 536:6 a judgment for the defendant is to be accompanied "with such further damages as *may* be awarded to him." (Emphasis supplied). The award of damages is not compulsory and necessarily depends on the evidence in the case and the equities of the respective parties.

*Judgment on the verdict.*

All concurred.