DECISION
The appellant, Ed's Construction, Inc., timely appeals a decision of the Zoning Board of Review of the Town of Cumberland (Board). The appellant seeks reversal of the Board's decision denying a variance request "to construct a single family dwelling on non-conforming lot of record — not on a town accepted street."[1] Jurisdiction in this Court is pursuant to G.L. 1956 § 45-24-69.
 Facts/Travel
Edward Whipple, President of Ed's Construction, Inc. (petitioner), owns a parcel of land located on Eagle Drive, in Cumberland, Rhode Island (property). The property, described as Lot 86 on Assessor's Plat Number 50, is located in a R-1 residential district in the Town of Cumberland (Town).
On or about June 12, 1998, Mr. Whipple petitioned the Board, pursuant to Article 1, section 6 of Town's Zoning Ordinance,[2]
seeking a variance in order to build a single family dwelling on the property, a non-conforming lot of record which is not on a town accepted street. See Petition to Zoning Board of Review. Thereunder, the petitioner sought relief from "Compliance with ordinance. Lot frontage must be on town approved (public way) to construct a dwelling on." Id.
On July 8, 1998, the Board held an advertised, noticed hearing to consider the petition. Mr. Whipple, represented by counsel, testified that he purchased the property in September of 1997 and that he was denied a building permit because the property was not on a Town-accepted street. 7/8/98 Tr. at 6, 11. He testified that Lot 86 was platted around 1949-1950. Id. at 5. Mr. Whipple further testified that if his application was denied, it would be more than a mere inconvenience to him. Id. at 8-9. He testified that he understood from the seller of Lot 86 that there was no difficulty in getting a building permit and admittedly that was his own ignorance.Id. at 12. The "building official"/town planner,[3] Brian DaCosta, confirmed that a building permit was denied because the street is not a public street accepted by the Town. Id. at 9-10. The Town Counsel advised the Board that a Town ordinance requires anyone who wants to build on a street which is platted but not part the highway system, should bring it up to Town standards. Id. at 14-15; Certification of Zoning Board of Review Records, Exh. 7. The Chairperson read into the record the town planner's certificate of compliance regarding the petition — "The Petitioner should follow the procedure detailed in this ordinance which calls for the lot owner to construct the unapproved portion of the road to specifications set by the public works director . . . The Petitioner should arrange a meeting with the public works director and [the town planner] to discuss this issue." Id. at 19-20. Next, the Board heard opposition to the petition from several abutters. Id. at 24-31. The Chairperson stated "We'll close the public hearing and this Board will deliberate." Id. at 33. No second motion or vote occurred. Upon agreement of petitioner, a motion was made, seconded and unanimously voted to table the matter for one month until petitioner met with the town officials. Id. at 36-37.
The Board listed the subject petition as a continuation of hearing on its agenda for its August 12, 1998 meeting. See 8/12/98 Agenda. An August 12, 1998 letter from petitioner's counsel to the Board states, "Please be advised that we must request that the tabled zoning application from July 8, 1998 be continued to next month's meeting. I apologize for the delay in this request, but I have just learned of a scheduling conflict." See 8/12/98 Letter from Gary M. Hogan to the Board. At the August 12, 1998 meeting, the Chairperson raised the petitioner's request for a continuance. See Notice received 8/20/98. Upon motion, second and vote, the matter was tabled until "the September meeting." Id. The matter was listed as a continuation of hearing on the Board's agenda for it September 9, 1998 meeting. See 9/9/98 Agenda.
At the September 9, 1998 meeting of the Board, the Chairperson stated that the matter had been continued at the request of applicant's counsel. See 9/9/98 Tr. at 2. She stated that the Board had heard all of the evidence. Id. at 3. No motion, second or vote followed. The Town Counsel stated that the Town Planner had provided him, as the attorney for the Board, with planning board minutes from 1964-1965 regarding the subject unapproved street. Id.
at 3. Counsel further referenced a map on record in the Public Works Department which was from the Planning Board that indicated "Planning Board conditions not met, and, therefore, street not accepted." Id.
at 4. The Town Counsel indicated that these documents would be made part of the record.[4] Id. Mr. DaCosta noted that petitioner had not made contact since the request for continuance. Id. at 3. Town Counsel questioned whether petitioner's counsel knew that the matter was on the agenda. Id. The Chairperson noted that all the evidence had been heard at the last meeting, the petition was on the September 9 agenda and the hearing was open. Id. at 5. Further, she noted that petitioner and his counsel were absent, opining that absence indicated a lack of interest. Id. Upon motion, second and vote, the matter was removed from the table. Id. at 5-6. Upon motion, second and unanimous vote, the petition for a variance was denied because the Town has not accepted the street. Id. at 7. In making its decision to deny the petitioner's request for a variance, the Board relied on the 1964-1965 document. See Notice received 9/22/98 at 2.
The petitioner contends that the Board violated its due process rights and further contends that the Board's decision is characterized by an abuse of discretion and is not supported by legally competent evidence. The Town, disputing both of petitioner's arguments, contends that the Board properly denied the variance.
 Standard of Review
This Court's review of a zoning board decision is controlled by G.L. 1956 (1991 Reenactment) § 45-24-69 (D), which provides:
 "The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing a zoning board decision, this Court must examine the entire certified record to determine whether substantial evidence exists to support the finding of the board. Salve Regina College v.Zoning Board of Review, 594 A.2d 878, 880 (R.I. 1991) (citingDeStefano v. Zoning Board of Review of Warwick, 122 R.I. 241, 245,405 A.2d 1167, 1170 (1979)); Restivo v. Lynch, 707 A.2d 663 (R.I. 1998). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla but less than a preponderance." Caswell v. George Sherman Sand andGravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981) (citing Apostolou v.Genovese, 120 R.I. 501, 507, 388 A.2d 821, 824-25 (1978)). The essential function of a zoning board is to weigh evidence, with discretion to accept or reject the evidence presented. BellevueShopping Center Associates v. Chase, 574 A.2d 760, 764 (R.I. 1990). A justice of this Court may not substitute his or her judgment for that of the zoning board if he or she conscientiously finds that the board's decision was supported by substantial evidence contained in the record. Apostolou, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978).
 Due Process Rights
The petitioner argues the Board's decision unlawfully violated the petitioner's due process rights of notice and an opportunity to be heard because (i) neither petitioner nor its counsel received notice of the continuation hearing on September 9, 1998; (ii) at that meeting, the Board received additional evidence without the petitioner having an opportunity to hear and rebut same; and (iii) the Board relied on said evidence in its decision. The Board rebuts same, noting that it had accommodated the petitioner's request for a continuance, and counters that notice of the continuance was not required and that it was petitioner's burden to keep informed of the Board's scheduled monthly meetings.[5]
The issue of notice presented by the instant appeal is distinguishable from the notice mandated by statute and ordinance to interested parties and members of the public of the time fixed for a hearing of a zoning matter. Notice of a hearing "is purposed upon affording those having an interest an opportunity to present facts which might shed light on the issue before the board * * * and upon assisting `the board to do substantial justice to an applicant while preserving the spirit of the ordinance under consideration.'"Carroll v. Zoning Board of Review of the City of Providence,104 R.I. 676, 679, 248 A.2d 321, 323 (1968) (citing Mello v. ZoningBoard of Review, 94 R.I. 43, 49-50, 177 A.2d 533, 536 (1962)). Such notice is a jurisdictional prerequisite and is aimed at affording due process to all interested parties. Id. It is undisputed that petitioner received proper notice for the hearing held on July 8, 1998 and that at the conclusion of that hearing, petitioner's counsel agreed to the Board's suggestion of tabling the matter in order for petitioner to meet with Town officials. Further, it is well-settled that appearance before a zoning board "is proof that the unnotified party had the opportunity to present facts that would assist the zoning board in the performance of its duties, and therefore, such a party waives the right to object to any alleged deficiency of notice." Ryan v. Zoning Board of Review of Town of New Shoreham,656 A.2d 612, 616 (R.I. 1995) (citations omitted).
There is no requirement, pursuant to relevant statute or ordinance, that interested parties and members of the public be served with notice of a continuance.[6] The statutory provision regarding notice to an applicant provides, in relevant part, "Notice of hearing shall be sent by first class mail to the applicant, and to at least all those who would require notice under 45-24-53." G.L. 1956 §45-24-41(b). Similarly, the Town's ordinance states, "The board . . . shall give public notice . . . (2) By first class mail to: a. All owners of the subject property in question; b. All property owners of record of land . . . ." Ordinance § 9-8(b). This Court will not "interpret a statute to include a matter omitted unless the clear purpose of the legislation would fail without the implication."Wehr, Inc. v. Truex, 700 A.2d 1085, 1088 (R.I. 1997) (quoting Statev. Feng, 421 A.2d 1258, 1264 (R.I. 1980)). This Court, finding the language of this section is clear and unambiguous, gives the words their plain meaning which is that the statute does not require notice for a continuance.
Review of the record indicates that the Board's August agenda lists petitioner's matter as a continued hearing. Petitioner's letter requesting a continuance, dated the same day as the Board's August 12 meeting, specifically requested "that the tabled zoning application from July 8, 1998 be continued to next months [sic] meeting." See 8/12/98 Letter from George M. Hogan to the Board.
During the August meeting, the Board, in its discretion, granted the petitioner's request for a continuance and tabled the matter until "the September meeting." See Notice received 8/20/98. The petitioner had agreed in July with the Board's suggestion of tabling the matter in order to provide time for the petitioner to meet with the necessary Town officials; however, the town planner reported in September that he had not heard from the petitioner. See 7/8/98 Tr. at 36; 9/9/98 Tr. at 3. Pursuant both to statute and ordinance, neither petitioner nor his counsel was required to receive written notice regarding the continued hearing. Furthermore, counsel is presumed to know the law. See e.g., Demara v. Rhode Island Co.,42 R.I. 215, 219, 107 A. 89, 90 (1919).
"Estoppel is a principle equitable in its nature employed to prevent inconsistency . . . resulting in injustice." Chernick v.National Surety Co., 50 R.I. 419, 422-23, 148 A. 418, 419 (1930). "It is a bar which precludes a person from denying the truth of a fact he has agreed upon or has previously asserted or which, in legal contemplation, has become settled by judicial proceedings." Id.
Pursuant to posting requirements of our Open Meetings law, petitioner with due diligence could have learned the exact date of the continuance hearing which he, in fact, requested.[7] The record reveals that the August 12 letter from petitioner's counsel requested a date certain for the continuance. Accordingly, the Board's consideration, thereafter, of evidence,[8] here the 1964-1965 planning board minutes, obtained during the September public hearing did not substantially prejudice the due process rights of the petitioner.
 The Board's Decision
The petitioner contends that the Board's denial of his request for a variance to construct a single family dwelling on a non-conforming lot of record on an unapproved street is characterized by an abuse of discretion and is not supported by legally competent evidence. In support of this argument, the petitioner cites the transcript wherein Board members reference the lot as buildable. However, in that same transcript, the Board's refers to the Ordinance regarding the unapproved street. Ordinance 97-40, codified at Article V, § 30-141 of the Town's Planning and Development Ordinances, provides "Building permits shall not be issued for construction of structures of any kind . . . which do not have frontage on an accepted and actual public highway . . . and which shall have been constructed to the standards of the Town whereby such roadway may be accepted into the Town's Functional Highway System."[9] See Certification of Record, Exh. 7; see also G.L. 1956 § 45-23.1-4. During the hearing, the petitioner and the town planner concurred that a building permit was denied because the lot lacks frontage on a road accepted by the Town. On July 8, the Board also considered and recorded the findings of the planning board regarding the petitioner's request. Specifically, the planning board indicated that the petitioner should comply with the ordinance and should meet with the appropriate town officials regarding the unapproved road.[10] Pursuant to Ordinance 97-40, improvement of the street is a prerequisite to the Town's issuing a building permit.
The record contains reliable, probative and substantial evidence that petitioner's lot is located on an unimproved street. Pursuant to Ordinance, the Board would be acting in excess of its statutory authority were it to allow a house to be constructed on an unimproved street. Having examined the certified record, this Court finds that competent evidence exists to support the board's findings. Such evidence makes this Court's review of the evidence from the September hearing unnecessary.
Accordingly, the Board's decision denying petitioner's request for a variance is affirmed.
Counsel shall submit to this Court the appropriate agreed-upon order for entry in accordance herewith.
[1] See Petition for a Variance at 3.
[2] Section 6 of Article 1 of the Town of Cumberland's Zoning Ordinance, entitled "Compliance with ordinance," provides:
 "(a) Conformance with permitted use. No building or structure shall be erected, reconstructed or enlarged for any use other than that which is permitted in the zone in which such building, structure or land is located . . . Nor shall any building, structure or land be used for any use other than is permitted in the zone in which it is located.
 (b) Dimensional conformance. Except as herein after provided, no building or structure shall be erected, enlarged or reconstructed to exceed the dimensional limits established for the zone wherein such building or structure is located.
 (c) Lot area conformance. . . . ."
[3] Mr. DaCosta is identified as the "building official" in the minutes of the Board's August 12, 1998 meeting and as the town planner by petitioner's counsel.
[4] The Town's certification of record indicates that the documents are part of the record. See Certification of Zoning Board of Review Records, Exhs. g-k.
[5] The Board argues on appeal that, pursuant to our Open Meetings law, G.L. 1956 § 42-46-4, the Town had posted an annual written notice of the Board's meetings at the Town Hall.
[6] Petitioner does not facially challenge the notice provisions of the statute or ordinance. While acknowledging that G.L. 1956 §45-24-41 is clear as to the requirement of notice prior to an initial hearing, petitioner contends that the statute is "not quite as clear whether, once a case has been heard initially, notice is required each time it is rescheduled." P. Memo at 3.
[7] See, e.g., Stilp v. Hafer, 701 A.2d 1387, 1391 (Pa. Commw. Ct. 1997) (In determining whether certain conduct resulted in a lack of due diligence, the focus is on what a party might have known by use of the means of information within his or her reach through the exercise of reasonable diligence.), aff'd, 718 A.2d 290 (Pa. 1998).
[8] See Black's Law Dictionary at 576 (7th ed. rev. 1999) (defining evidence as "Something, (including testimony, documents, and tangible objects) that tends to prove or disprove the existence of an alleged fact").
[9] G. L. § 42-23.1-4, entitled Buildings not on mapped streets, provides:
 A city or town council is hereby authorized and empowered to provide by ordinance that no permit for the erection of any building shall be issued unless the building lot abuts a street which has been placed on the official map giving access to the proposed structure, and that before a permit shall be issued, the street shall have been certified to be suitably improved, or suitable improvements shall have been assured by means of a performance guarantee, in accordance with rules and regulations adopted in the same manner as rules and regulations for subdivisions as provided in chapter 23 of this title. Where the enforcement of this section would entail practical difficulty or unnecessary hardship, or where the circumstances of the case do not require the structure to be related to a street, the board or council, as the case may be, may, in a specific case and after a public hearing for which reasonable notice has been given to all interested parties and at which parties in interest and others shall have an opportunity to be heard, make reasonable exceptions and issue a permit subject to conditions that will assure adequate access for fire-fighting equipment, ambulances, and other emergency vehicles necessary for the protection of health and safety and that will protect any future street layout shown on the official map.
[10] Section 9-8 of the Town's Ordinances provides, in relevant part, "The finding of the planning board with respect to the consistency of the application with the goals and purposes of the comprehensive plan shall be recorded in the record of the board; and the declaration of the planning board shall be a recognized statement of fact before the board."