Hillsborough,
No. 5227.

AMERICAN HOME IMPROVEMENT, INC.

*v.*

MORRIS J. MACIVER & *a.*

Argued May 5, 1964.
Decided July 1, 1964.

*Broderick, Craig & Bourque* for the plaintiff, furnished no brief.

*Frederic T. Greenhalge* (by brief and orally), for the defendants.

KENISON, C.J. RSA 399-B:2 (supp) as enacted by Laws 1961, 245:7 provides as follows: "STATEMENT REQUIRED. Any person engaged in the business of extending credit shall furnish to each person to whom such credit is extended, concurrently with the consummation of the transaction or agreement to extend credit, a clear statement in writing setting forth the finance charges, expressed in dollars, rate of interest, or monthly rate of charge, or a combination thereof, to be borne by such person in connection with such extension of credit as originally scheduled." Credit is defined broadly in the act and includes any ". . . contract of sale of property or services, either for present or future delivery, under which part or all of the price is payable subsequent to the making of such sale or contract . . . ." RSA 399-B:1 I (supp). The definition of finance charges ". . . includes charges such as interest, fees, service charges, discounts, and other charges associated with the extension of credit." RSA 399-B:1 II.

The first question is whether credit was extended to the defendants in compliance with the statute. The application for financing (Exhibit No. 2) and the approval of the financing (Exhibit A) informed the defendants of the monthly payments, the time credit was extended (sixty months) and the total amount of the credit extended but neither of them informed the defendants the rate of interest, or the amount of interest or other charges or fees they were paying. This is not even a token compliance with the statute which requires ". . . a clear statement in writing setting forth the finance charges, expressed in dollars, rate of interest, or monthly rate of charge, or a combination thereof . . . ." RSA 399-B:2 (supp). The obvious purpose of the statute was to place the burden on the lender to inform the borrower in writing of the finance charges he was to pay. This

burden was not met in this case. Annot. 116 A.L.R. 1363. Disclosure statutes are designed to inform the uninformed and this includes many average individuals who have neither the capability nor the strength to calculate the cost of the credit that has been extended to them. Economic Institutions and Value Survey: The Consumer in the Market Place—A Survey of the Law of Informed Buying, 38 Notre Dame Lawyer 555, 582-588 (1963); *Ford Motor Co.* v. *Federal Trade Commission*, 120 F. 2d 175, 182 (6th Cir. 1941). RSA 399-B:3 (supp) provides that "no person shall extend credit in contravention of this chapter." We conclude that the extension of credit to the defendants was in violation of the disclosure statute.

The parties have agreed that the plaintiff did not willfully violate the disclosure statute and this eliminates any consideration of RSA 399-B:4 (supp) which provides a criminal penalty of a fine of not more than five hundred dollars or imprisonment not more than sixty days, or both. This brings us to the second question whether the agreement is "void so as to prevent the plaintiff from recovering for its breach."

"At first thought it is sometimes supposed that an illegal bargain is necessarily void of legal effect, and that an 'illegal contract' is self-contradictory. How can the illegal be also legal? The matter is not so simple." 6 A Corbin, Contracts, s. 1373 (1962). The law is not always black or white and it is in the flexibility of the gray areas that justice can be done by a consideration of the type of illegality, the statutory purpose and the circumstances of the particular case. "It is commonly said that illegal bargains are void. This statement, however, is clearly not strictly accurate." 5 Williston, Contracts (Rev. *ed.* 1937) s. 1630. The same thought is well summarized in 6 A Corbin, Contracts, s. 1512 (1962): "It has often been said that an agreement for the doing of that which is forbidden by statute is itself illegal and necessarily unenforceable. This is an unsafe generalization, although most such agreements are unenforceable." *P.* 717. This section was cited in the recent case of *Coltin Company* v. *Manchester Savings Bank*, 105 N. H. 254, holding unenforceable a contract for a broker's commission for the sale of real estate without a license in violation of a statute.

In examining the exhibits and agreed facts in this case we find that to settle the principal debt of $1,759 the defendants signed instruments obligating them to pay $42.81 for 60 months, mak-

ing a total payment of $2,568.60, or an increase of $809.60 over the contract price. In reliance upon the total payment the defendants were to make, the plaintiff paid a sales commission of $800. Counsel suggests that the goods and services to be furnished the defendants thus had a value of only $959, for which they would pay an additional $1,609.60 computed as follows:

| "Value of goods and services | | $959.00 |
|---|---|---|
| Commission | 800.00) | |
| Interest and carrying charges | 809.60) | 1,609.60 |
| Total payment | | $2,568.60" |

In the circumstances of the present case we conclude that the purpose of the disclosure statute will be implemented by denying recovery to the plaintiff on its contract and granting the defendants' motion to dismiss. *Burque* v. *Brodeur*, 85 N. H. 310; *Park* v. *Manchester*, 96 N. H. 331; *Albertson* v. *Shenton*, 78 N. H. 216.

There is another and independent reason why the recovery should be barred in the present case because the transaction was unconscionable. "Courts have often avoided the enforcement of unconscionable provisions in long printed standardized contracts, in part by the process of 'interpretation' against the parties using them, and in part by the method used by Lord Nelson at Copenhagen." 1 Corbin, Contracts, *s.* 128 (1963). *Pp.* 551-553. Without using either of these methods reliance can be placed upon the Uniform Commercial Code (U.C.C., 2-302(1)). See RSA 382-A:2-302(1) which reads as follows: "If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result."

Inasmuch as the defendants have received little or nothing of value and under the transaction they entered into they were paying $1,609 for goods and services valued at far less, the contract should not be enforced because of its unconscionable features. This is not a new thought or a new rule in this jurisdiction. See *Morrill* v. *Bank*, 90 N. H. 358, 365: "It has long been the law in this state that contracts may be declared void because unconscionable and oppressive . . . ."

The defendants' motion to dismiss should be granted. In view of the result reached it is unnecessary to consider any other questions and the order is

*Remanded.*

All concurred.