109 N.H. 339 (1969)
FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF BOSTON
v.
GEORGE A. LECLAIR & a.
No. 5812.
Supreme Court of New Hampshire.
Argued March 4, 1969.
Decided April 30, 1969.
Sullivan, Gregg & Horton (Mr. Sherman D. Horton, Jr. orally), for the plaintiff.
Paul A. Rinden (by brief and orally), for the defendants.
GRIFFITH, J.
This is a suit on a note to recover the balance due under the terms of a promissory note. Plaintiff filed a motion for summary judgment with supporting affidavit. The defendants filed an answering affidavit setting up factual defenses and three motions to dismiss. The motion for summary judgment was denied as were the three motions to dismiss. The defendants' exceptions to the denial of their motions to dismiss were reserved and transferred by the Trial Court (Bownes, J.)
The note arose out of a transaction entered into by the defendants with Federal Home Insulators to do a siding job on the home of the defendants. On July 30, 1965 the plaintiff approved a loan to the defendants in the amount of $3,100 in the form of a credit approval and on August 12, 1965 defendants executed a note in the amount of $4,943.40 to the *340 Federal Home Insulators, Inc. which was endorsed to the plaintiff.
It appears that the amount of $3,100 was received by the defendants in the form of $1,800 paid for the siding job and $1,300 cash paid to the defendants. The defendants defaulted on the note after eight payments and plaintiff claimed in its motion for summary judgment $3,812 including unearned discount to February 28, 1967, late charges and reasonable attorneys' fees provided for in the note.
Defendants rely in their brief and argument solely on a claim that the note sued upon is in violation of RSA ch. 399-B requiring disclosure of finance charges. The pertinent section of this statute reads as follows: "399-B:2 STATEMENT REQUIRED. Any person engaged in the business of extending credit shall furnish to each person to whom such credit is extended, concurrently with the consummation of the transaction or agreement to extend credit, a clear statement in writing setting forth the finance charges, expressed in dollars, rate of interest, or monthly rate of charge, or a combination thereof, to be borne by such person in connection with such extension of credit as originally scheduled."
The plaintiff is in the business of extending credit and comes within the terms of the statute. Although the note signed by the defendants contained no information which would satisfy the statute the credit approval contained the following statement: "Finance charge, including life insurance and accident and health insurance 8 1/2%."
The credit approval would satisfy the provisions of the statute as constituting a statement concurrently with the agreement to extend credit providing it was a clear statement of the finance charges expressed in rate of interest. The total charges making up the face amount of the note were not in excess of 8 1/2% for all charges. However the 8 1/2% charge was add-on interest computed on the principal of the loan for the entire 84 months of the loan.
"In the strange world of consumer finance today, things are `seldom what they seem,' to quote Pinafore. By the device of `add-on,' a charge advertised as being 5 per cent, may be twice that, and 5 per cent `discounted,' may be three times as much." The Checkered Career of Usury, Bernstein, 51 Am. Bar J. 846, *341 850; note, 18 Vand. L. Rev. 856. Where, as in the instant case, the interest is stated merely in the form of a flat rate with no indication of whether it is add-on or an annual percentage rate on the unpaid balances financed, it does not satisfy the requirement of the statute. The statute is designed to inform "average individuals who have neither the capability nor the strength to calculate the cost of the credit that has been extended to them." American Home Improvement Co. v. MacIver, 105 N. H. 435, 438. The Truth in Lending Act of 1968 provides for add-on interest but requires it to be stated as an annual percentage rate on the unpaid balances financed. 15 U.S.C.A. s. 1606. Where the lender fails to inform the borrower that the interest stated is add-on interest he cannot be said to have "clearly" informed the borrower of the cost of his loan. RSA 399-B:2.
The plaintiff being in violation of RSA ch. 399-B cannot recover on the note. That this would not prevent plaintiff from recovery in all cases was made clear in American Home Improvement Co. v. MacIver, supra. Unlike that case where the defendant received no benefit from the contract, here the defendants received a completed siding job and $1,300 in cash. It has not been shown that the underlying transaction was unconscionable, so that the plaintiff may maintain its action to recover the principal sum of $3,100 advanced. The merits of the defense of failure of consideration for the $1,800 paid for the siding job remains to be determined.
Plaintiff's exception overruled; defendants' exception sustained in part; remanded.
LAMPRON, J., did not sit; the others concurred.