Strafford
No. 6751

BRUNELLE ALUMINUM PRODUCTS, INCORPORATED

v.

ROGER P. CARON AND JANET L. CARON

December 28, 1973

*Beamis & Davis* and *Jerome H. Grossman (Mr. Grossman* orally) for the plaintiff.

*Coolidge, Cullinane & Cullinane* for the defendants filed no brief.

GRIFFITH, J. This is an action by the plaintiff to recover damages for breach of a siding installation contract which defendants refused to permit the plaintiff to perform. Defendants' motion for nonsuit was granted at the conclusion of plaintiff's case on the ground that the loan contract for the installation did not contain the cost of credit information required by RSA 399-B:2. Plaintiff's exception was reserved and transferred by the Trial Court, *Perkins, J.*

The written contract between the parties provided for a cash price of $1990, a credit service charge of $795.80 and for payment of the total amount of $2785.80 in 60 monthly installments of $46.43. RSA 399-B:2 requires any person engaged in the business of extending credit to furnish the person to whom credit is extended with "a clear statement in writing setting forth the finance charges, expressed in dollars, rate of interest, or monthly rate of charge, or a combination thereof . . . . " It appears from the colloquy between court and counsel that the trial court granted the nonsuit on the basis of our rulings in *American Home Improvement Co. v. MacIver*, 105 N.H. 435, 201 A.2d 886 (1964), and *First Federal Savings & Loan Association v. LeClair*, 109 N.H. 339, 253 A.2d 46 (1969).

In neither of the above two cases was the borrower informed clearly of the cost of credit. In the *American Home Improvement* case there was not "even à token compliance with the statute", 105 N.H. 435, 437, 201 A.2d 886, 887, and in the *First Federal* case the interest stated did not accurately inform the borrower of the actual cost of his credit. In contrast to the situation in these cases the agreement between this plaintiff and defendants gave the dollar cost of the loan. This was a "clear statement in writing setting forth the finance charges, expressed in dollars....", RSA 399-B:2, and satisfied the requirements of the statute.

Plaintiff does not seek to recover the contract price but damages for the alleged breach. Since the nonsuit was granted on the sole ground that the contract was in violation of RSA 399-B:2, the ruling sustaining the plaintiff's exception does not preclude other defenses that may be available to the defendants. In view of the fact that the case was tried jury

waived, the trial court may not find it necessary to require a complete new trial and may decide the case on the present transcript with such further evidence as the parties may present. Accordingly the order is

*Exception sustained; remanded.*

All concurred.