Request of Senate
No. 7181

OPINION OF THE JUSTICES

April 30, 1975

The following resolution was adopted by the senate on April 8, 1975, and filed with the supreme court on April 11, 1975:

"Whereas, There is pending in the Senate, House Bill No. 253, 'An Act providing a maximum finance charge on gasoline credit card accounts'; and

"Whereas, Doubt has been expressed as to the constitutionality of the provisions of said bill;

"Now, therefore, be it resolved by the Senate:

"That the Justices of the Supreme Court be respectfully requested to give their opinion upon the following important question of law:

"1. Would any provision of the constitution of the United States or of this state be violated by the provision of the bill that restricts the maximum finance charge permitted and which is applicable only to credit cards issued by a manufacturer or distributor of gasoline and related products for the purchase of gasoline, related products and services?

"Further resolved that the clerk of the senate be instructed to transmit to the clerk of the Supreme Court six copies of this resolution and six copies of House Bill number 253."

The following answer was returned:

*To the Honorable Senate:*

The undersigned justices of the supreme court return the following reply to the inquiries contained in your resolution adopted April 8, 1975, and filed with this court on April 11, 1975.

Economic legislation, like the regulation of finance charges, to be constitutional must be based on some substantial and rational foundation. *Valley Bank v. State,* 115 N.H. 151, 335 A.2d 652 (1975); *Granite State Grocers Ass'n v. State Liquor Comm'n,* 112 N.H. 62, 66, 289 A.2d 399, 402 (1972); *Welch Co. v. State,* 89 N.H. 428, 432, 199 A. 886, 888 (1938), *aff'd,* 306 U.S. 79 (1939). Classifications, therefore, made by such legislation must reasonably promote some proper object of public welfare or interest. *Welch Co. v. State supra; Marine Corps League v. Benoit,* 96 N.H. 423, 427, 78 A.2d 513, 517 (1951).

Here the proposed statute would amend RSA ch. 399-B, which is concerned with the disclosure of finance charges. *See* Annot., 14 A.L.R.3d 330 (1967, Supp. 1974). By adding the proviso contained within House bill No. 253, the State would not only require disclosure of credit charges but would limit the interest chargeable on only certain types of credit cards. The amendment would specifically limit interest chargeable on sales of "gasoline and related products and for primarily personal, family or household purposes . . . ." made on credit cards "issued by a manufacturer or distributor of gasoline and related products [to] three-quarters of one per cent per month on the unpaid balance." Hence, manufacturers and distributors of gasoline and related products are singled out for regulation while others issuing credit cards are not regulated by the proposed act.

We are of the opinion that the proposed House bill No. 253 is unconstitutional, because it arbitrarily discriminates against a certain category of credit card issuers. *See Rosenblum v. Griffin,* 89 N.H. 314, 197 A. 701 (1938); N.H. CONST. pt. I, art. 12.

FRANK R. KENISON
LAURENCE I. DUNCAN
EDWARD J. LAMPRON
WILLIAM A. GRIMES
ROBERT F. GRIFFITH

April 30, 1975