Merrimack
No. 80-139

PITTSFIELD WEAVING CO., INC.

v.

GROVE TEXTILES, INC.

May 7, 1981

*Sheehan, Phinney, Bass & Green*, of Manchester (*Michael C. Harvell* and *Suzanne E. Groff* on the brief), by brief for the plaintiff.

*Gallagher, Callahan & Gartrell*, of Concord (*Edward E. Shumaker, III*, on the brief), by brief for the defendant.

PER CURIAM. The issue in this case is whether the master erred in refusing to enforce the arbitration and forum limitation provisions of the parties' contract because he found the contract to be unconscionable under RSA 382–A:2–302. We find no error.

The plaintiff is a New Hampshire corporation engaged in the business of commercial weaving. The defendant is a Pennsylvania corporation engaged in the business of texturizing and selling yarn. Between 1974 and 1976, the parties entered into twenty-nine separate contracts for the sale of yarn, all of which contained identical terms which are standard in the textile industry. The clause at issue in this case provides in part:

> "Arbitration Clause: Any disagreement arising out of the interpretation or application of this contract shall be submitted to arbitration . . . .
>
> The parties of this arbitration agreement hereby give jurisdiction to the Courts of the Commonwealth of Pennsylvania in reference to any matter arising out of the foregoing arbitration . . . ."

At various times, the plaintiff had tried to negotiate the arbitration clause with other sellers in the industry and had been unsuccessful. For this reason, it made no attempt to negotiate the provision with the defendant but accepted the arbitration terms as nonnegotiable.

Alleging that yarn delivered under an October 1975 contract was defective and resulted in damages of $35,000 to $45,000, the plaintiff brought an action for breach of express and implied warranties under the Uniform Commercial Code, RSA 382–A:2–313, :2–314, :2–315. The defendant moved to dismiss the action on the ground that the plaintiff brought suit without first submitting the dispute to arbitration as required by the contract. The plaintiff objected to the motion to dismiss on the basis that the contract was unconscionable and therefore unenforceable under RSA 382–A:2–302. The Master (*John C. Fairbanks*, Esq.) held a hearing on the motion to dismiss in which one witness testified that the defendant was a larger company than the plaintiff and that arbitration clauses were uniformly required by other sellers with whom the plaintiff dealt. Based on that testimony and the parties' stipulated facts, the master found that the entire contract was unconscionable and therefore unenforceable. Accordingly, he refused to enforce the arbitration clause. The Superior Court (*Cann*, J.) approved the master's recommendation and denied the defendant's motion to dismiss.

"It has long been the law in this State that contracts may be declared void because unconscionable . . . oppressive, [unjust and unfair]. . . ." *Morrill v. Bank*, 90 N.H. 358, 365, 9 A.2d 519, 525 (1939); *accord*, *American Home Improvement Co. v. MacIver*, 105 N.H. 435, 439, 201 A.2d 886, 889 (1964). RSA 542:1 has long provided that:

> "A provision in any written contract to settle by arbitration a controversy thereafter arising out of such contract, or an agreement in writing to submit to arbitration any controversy existing at the time of the agreement to submit, shall be valid, irrevocable, and enforceable, *save upon such grounds as exist at law or in equity for the revocation of any contract . . . .*"

(Emphasis added.) *See Dunn & Sons, Inc. v. Paragon Homes of New Eng., Inc.*, 110 N.H. 215, 216–17, 265 A.2d 5, 7 (1970).

Furthermore RSA 382–A:2–302(1) also provides as follows:

> "If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result."

"It is not possible to *define* unconscionability. It is not *a concept*, but a determination to be made in light of a variety of factors not unifiable into a formula." J. WHITE & R. SUMMERS, HANDBOOK OF THE LAW UNDER THE UNIFORM COMMERCIAL CODE, § 4-3 at p. 151 (2d ed. 1980). "Unconscionability has generally been recognized to include an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party." *Williams v. Walker-Thomas Furniture Company*, 350 F.2d 445, 449 (D.C. Cir. 1965). The existence of gross inequality of bargaining power is also a factor to be considered. *Fleischmann Distilling Corp. v. Distillers Co. Ltd.*, 395 F. Supp. 221, 232 (S.D.N.Y. 1975); *see* 1 CORBIN ON CONTRACTS § 128 (1963).

█ The defendant takes the position that, the existence of the contract between the parties not being in dispute, all claims thereunder must be submitted to arbitration. It must be noted at the outset that the arbitration statutes (RSA ch. 542; 9 U.S.C. §§ 1 to 14) do not vest in arbitrators the historical jurisdiction possessed

by the courts to determine fraud or unconscionability at the inception of a contract. *George Engine Co., Inc. v. Southern Shipbldg. Corp.*, 350 So. 2d 881, 884 (La. 1977).

Relying on *Prima Paint Corp. v. Flood & Conklin*, 388 U.S. 395, 401 (1967), the defendant argues that, because the contract in this case deals with interstate commerce, it must be governed by the federal arbitration statute, 9 U.S.C. §§ 1 to 14. The defendant specifically argues that, under the federal statute, the plaintiff's claim that the contract is unconscionable is for the arbitrator to decide in the first instance and that the superior court could determine only whether the arbitration clause itself was unconscionable.

■ We find this argument unpersuasive because the plaintiff is attacking the *entire* contract as unenforceable. If the master found and ruled that, given its commercial background, the contract of the parties, *including the arbitration clause*, was unenforceable because it was unconscionable and a contract of adhesion, then he could, under the federal statute, properly deny the defendant's motion to dismiss. *Cf. Moseley v. Electronic Facilities*, 374 U.S. 167, 170–71 (1963); *Comprehensive Merch. Cat., Inc. v. Madison Sales Corp.*, 521 F.2d 1210, 1213 (7th Cir. 1973).

Under the same circumstances, the master could rightly recommend denial of the defendant's motion to dismiss under New Hampshire law. *American Home Improvement Co. v. MacIver*, 105 N.H. 435, 439, 201 A.2d 886, 889 (1964); *accord, Main v. Merrill Lynch, Pierce, Fenner & Smith*, 67 Cal. App. 3d 19, 27, 136 Cal. Rptr. 378, 383 (1977).

■ The record in this case shows that the contract required that all claims for obvious defects be made within fifteen days after the invoice date and within sixty days for latent defects. Furthermore, the record reveals that some defects could not be detected until after processing, which would constitute a waiver of claim. The master was correct in finding that, on these facts, the plaintiff was prevented from obtaining damages for defective yarn, thus making the contract unconscionable.

■ The master properly found and ruled that the imbalance in bargaining power of the parties rendered the contract so coercive and one-sided as to prevent the plaintiff from having voluntarily assented to its terms so that it constituted a contract of adhesion. *See Henningsen v. Bloomfield Motors, Inc.*, 32 N.J. 358, 161 A.2d 69 (1960). He did not reach that decision based on the disparity of size of the parties alone, *Cailler v. Humble Oil & Refining Co.*, 117

N.H. 915, 919, 379 A.2d 1253, 1256 (1977); he also considered the facts that goods would not be shipped without a signed contract and that the plaintiff had been unsuccessful in negotiating the arbitration clauses out of similar contracts with other sellers in the industry.

In overruling the defendant's exception to the court's denial of its motion to dismiss, we are not oblivious to the advantages that are derived from valid arbitration contracts. On the contrary, our courts value the saving of scarce and valuable legal and judicial time and talent that results from this method of settling controversies. This court is always mindful of the mandate that an arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." RSA 542:1; 9 U.S.C. § 2.

*Exception overruled; affirmed.*