Rockingham
No. 97-905

### BANK OF NEW HAMPSHIRE

v.

### EDWARD J. SCANLON

December 21, 1999

*Kalil & LaCount*, of Greenland (*Earl L. Kalil, Jr.* and *Michelle LaCount* on the brief, and *Ms. LaCount* orally), for the plaintiff.

*Sanders & McDermott, P.L.L.C.*, of Hampton (*Lawrence M. Edelman* and *Patricia M. Weathersby* on the brief, and *Mr. Edelman* orally), for the defendant.

*Gallagher, Callahan & Gartrell, P.A.*, of Concord (*Dodd S. Griffith* and *James L. Kruse* on the brief), for New Hampshire Bankers Association, as *amicus curiae*.

HORTON, J. The plaintiff, Bank of New Hampshire, brought an action in the Superior Court (*Murphy*, J.) against the defendant,

Edward J. Scanlon, to recover a deficiency on a promissory note. The superior court granted summary judgment in favor of the defendant after ruling: (1) that the plaintiff failed to properly disclose the loan's interest rate in violation of RSA 399-B:2 (1998); and (2) that the plaintiff was consequently precluded from recovering the deficiency. We reverse and remand.

The parties entered into a commercial loan agreement and executed a promissory note secured by a first mortgage on certain realty. The defendant defaulted on the note, and the plaintiff foreclosed on the mortgage. The plaintiff liquidated the collateral, resulting in a deficiency. The plaintiff brought suit against the defendant to collect the deficiency and moved for summary judgment. The defendant objected, arguing that he was not liable for the deficiency because the plaintiff failed to properly disclose the interest rate on the loan. The trial court ruled that the promissory note violated RSA 399-B:2, precluded the plaintiff from collecting the deficiency, and granted the defendant summary judgment.

■ The plaintiff argues that the trial court erred in concluding that it violated RSA 399-B:2. RSA 399-B:2 provides:

> Any person engaged in the business of extending credit shall furnish to each person to whom such credit is extended . . . a clear statement in writing setting forth the finance charges, expressed in dollars, rate of interest, or monthly rate of charge, or a combination thereof, to be borne by such person in connection with such extension of credit as originally scheduled.

"The obvious purpose of the statute [is] to place the burden on the lender to inform the borrower in writing of the finance charges [owed]." *American Home Improvement Co. v. MacIver*, 105 N.H. 435, 437, 201 A.2d 886, 887 (1964). Lenders must provide to borrowers information reflecting the cost of the loan. *DeCato Brothers, Inc. v. Westinghouse Credit Corp.*, 129 N.H. 504, 509, 529 A.2d 952, 954 (1987). The statute protects both commercial and consumer borrowers. *Id.* at 508, 529 A.2d at 954.

The promissory note is a demand note with a three-year amortization period. The note provides for an interest rate of nine percent during the first year of the loan. For the remaining two years of repayment, the note establishes a variable rate that "will not be subject to any internal or external index [and] will be entirely in [the lender's] control." The plaintiff issued the defendant a "Statement of Finance Charges" and a form entitled, "RSA 399-B

Disclosure." Both documents are signed by the borrowers, bear the same date as the promissory note, and indicate that the promissory note contains interest rate provisions.

The defendant argues that variable rate loans "must be tied to some rate, index, or factor other than the [lender's] caprice with regard to one individual borrower, and such rate method must be disclosed prior to the loan." The plaintiff and the New Hampshire Bankers Association, as *amicus curiae*, assert that RSA 399-B:2 permits lenders to utilize variable interest rates, including those that are discretionary, if the variable rate is disclosed. We agree that a properly disclosed variable rate of interest, including one that is discretionary, satisfies RSA 399-B:2.

Our prior decisions interpreting RSA 399-B:2 have rested on the premise that a borrower must be informed clearly and in writing of the cost of financing a loan. *See DeCato Brothers, Inc.*, 129 N.H. at 508-09; 529 A.2d at 954; *Brunelle Aluminum Prods., Inc. v. Caron*, 113 N.H. 730, 731, 313 A.2d 736, 737 (1973); *First Fed. Savings & Loan Ass'n v. LeClair*, 109 N.H. 339, 341, 253 A.2d 46, 47 (1969); *MacIver*, 105 N.H. at 437, 201 A.2d at 887. In each of these cases (except *Caron*, where the lender complied with RSA 399-B:2 by disclosing the total finance charge), the lender failed to disclose or adequately disclose the finance charge or rate that the borrower had agreed to pay. The interest rates were apparently fixed rates that would have permitted a definitive disclosure by the lender of the cost of financing. We have not had occasion to resolve the question whether variable interest rates violate RSA 399-B:2 because their variable nature renders definitive advance disclosure of the cost of financing impossible.

RSA 399-B:2 is a disclosure statute, *Opinion of the Justices*, 115 N.H. 219, 221, 337 A.2d 353, 354 (1975), "designed to inform the uninformed," *MacIver*, 105 N.H. at 438, 201 A.2d at 887. The statute "is concerned with the *disclosure* of finance charges," *Opinion of the Justices*, 115 N.H. at 221, 337 A.2d at 354 (emphasis added), and not with whether the amount of the charge should be limited. *Cf. id.* Indeed, in *First Federal Savings & Loan Association v. LeClair*, this court criticized "add-on" interest rates, but held that lenders utilizing such rates would satisfy RSA 399:B-2 if they disclosed that the rate was "add-on" interest. *LeClair*, 109 N.H. at 340-41, 253 A.2d at 47. Nowhere in RSA 399-B:2 does the legislature express an intent to prohibit certain types of interest. If the legislature intended to prohibit variable interest rates, it would have so indicated. We, therefore, decline to read the statute to prohibit

variable interest rates that are adequately disclosed, even if the rate fluctuates at the lender's discretion. Here, the defendant was clearly informed in the promissory note that interest was variable at the lender's discretion in years two and three of repayment. Accordingly, the plaintiff complied with the disclosure statute.

The defendant argues that the lender failed to comply with RSA 399-B:2 because the "RSA 399-B Disclosure" and "Statement of Finance Charges" did not expressly state that the interest rate was discretionary in years two and three of repayment. The promissory note, however, clearly discloses that the interest rate was variable at the lender's discretion in years two and three of repayment. The "RSA 399-B Disclosure" states that the promissory note "set[s] forth interest and charges pursuant to New Hampshire RSA 399-B:2." The "Statement of Finance Charges" states that "[t]he Borrower shall pay interest . . . at a rate of interest as provided by the Term [sic] Promissory Note of even date." Both disclosures bear the same date as the promissory note, and the borrowers acknowledged on the "Statement of Finance Charges" that they received it at the closing of the loan. We conclude that the disclosures were not misleading and violative of RSA 399-B:2.

■ Our decision today finds support in "Regulation Z" of the Truth in Lending Act, 15 U.S.C.A. §§ 1601 *et seq.* (1998). "Regulation Z," which governs the disclosure of finance charges in consumer transactions, requires lenders to provide disclosure when a variable rate is purely discretionary. *See* 12 C.F.R. § 226.18(f)(1)(i) & Official Commentary, Supp. I at 385 (1999). The New Hampshire Legislature has provided that an interest rate disclosure in a consumer loan transaction satisfies RSA 399-B:2 if it is made in conformity with "Regulation Z" of the Truth in Lending Act. *See* RSA 399-B:2-a (1998). Thus, under both federal and New Hampshire law, lenders may utilize discretionary variable interest rates in consumer transactions so long as they afford adequate disclosure. This reinforces our determination that RSA 399-B:2 is concerned with the disclosure of finance charges, and not their substance.

Finally, the defendant's interpretation of the disclosure statute would lead to an odd result. RSA 399-B:2-a, by deferring to "Regulation Z," permits adequately disclosed discretionary interest rates in consumer loan transactions. Under the defendant's reasoning, however, RSA 399-B:2 would prohibit discretionary interest rates in commercial loan transactions. We see no reason for the legislature to have furnished commercial borrowers greater protection than consumer borrowers in this respect.

In view of the foregoing, we reverse the trial court's decision and remand for further proceedings. Because our holding is dispositive of this appeal, we need not reach the parties' remaining arguments.

*Reversed and remanded.*

BRODERICK, J., did not sit; THAYER, J., sat but did not participate in the decision; JOHNSON, J., concurred; BROCK, C.J., dissented.

BROCK, C.J., dissenting: I would affirm the decision of the trial court for the reasons stated therein. I respectfully dissent.