NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Hillsborough
No. 2016-0592


JOSEPH RIZZO

v.

ALLSTATE INSURANCE COMPANY

Argued: September 14, 2017
Opinion Issued: May 1, 2018

Boynton, Waldron, Doleac, Woodman & Scott, P.A., of Portsmouth (Francis X. Quinn, Jr. on the brief and orally), and McDowell & Osburn, P.A. of Manchester (Gordon A. Rehnborg, Jr. on the brief), for the plaintiff.


Primmer Piper Eggleston & Cramer PC, of Manchester (Gary M. Burt and Brendan D. O'Brien on the brief, and Mr. Burt orally), for the defendant.


BASSETT, J. The defendant, Allstate Insurance Company, appeals an order of the Superior Court (Colburn, J.) granting the motion for partial summary judgment filed by the plaintiff, Joseph Rizzo, and denying the cross-motion for partial summary judgment filed by Allstate. Rizzo alleged he was injured in an automobile accident while a passenger in a car insured by Allstate. Rizzo sought uninsured motorist coverage under the Allstate policy, and, after Allstate denied his claim, the claim went to arbitration. The

uninsured motorist provision in the Allstate policy provides that if the arbitration award exceeds $25,000, the financial responsibility limits in New Hampshire, see RSA 259:61, I (2014), the insured and Allstate have the right to elect a trial de novo following arbitration. Allstate rejected the arbitration award, which exceeded the financial responsibility limits, and requested a trial de novo. The trial court ruled that the trial de novo provision in the policy is not enforceable because it is unconscionable, ambiguous, and violates public policy, and confirmed the arbitration award. We reverse and remand.

The relevant facts are not in dispute. On September 9, 2009, Rizzo was a passenger in a car operated by Linda Matz. The car was struck from behind by a car that had been rear-ended by another vehicle driven by Genci Naum. Matz was insured by Allstate under a policy that provided $100,000 of uninsured/underinsured motorist coverage. Naum was insured by Liberty Mutual under a policy that had a $20,000 policy limit. The accident was Naum's fault. Rizzo alleged that he was injured in the collision.

Rizzo settled his personal injury claim against Naum for the $20,000 policy limit in Naum's Liberty Mutual policy. Because Rizzo claimed that his damages exceeded $20,000, he sought underinsured motorist coverage under Matz's Allstate policy. Allstate denied Rizzo's claim, asserting that his injuries were pre-existing, that any "related exacerbation of [his] alleged pre-existing condition would have been short lived," and that he had been fully compensated by the Liberty Mutual settlement. (Quotation omitted.) Rizzo demanded arbitration under the Allstate policy, which stated in part:

> If the insured person or **we** don't agree on that person's right to receive any damages or the amount, then at the written request of either the disagreement will be settled by arbitration.
> . . . .
>
> Regardless of the method of arbitration, any award not exceeding the limits of the Financial Responsibility law of New Hampshire will be binding and may be entered as a judgment in a proper court.

The arbitration panel awarded Rizzo $63,000, with a $20,000 offset for the Liberty Mutual settlement.

Shortly thereafter, Allstate informed Rizzo that it was rejecting the arbitration award, and that it was invoking its right to trial pursuant to a provision in the policy that provided:

> Regardless of the method of arbitration, when any arbitration award exceeds the Financial Responsibility limits in the State of New Hampshire, either party has a right to trial on all issues in a

2

court of competent jurisdiction. . . . Costs, including attorney fees, are to be paid by the party incurring them.

In response, Rizzo filed suit in superior court claiming breach of contract, and seeking to have the arbitration award confirmed, because the trial de novo provision in the Allstate policy was "unenforceable, ambiguous and void for violation of public policy." The parties filed cross-motions for partial summary judgment. The trial court granted Rizzo's motion for summary judgment, denied Allstate's motion, and confirmed the arbitration award. This appeal followed.

"A moving party is entitled to summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits filed, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Jeffery v. City of Nashua, 163 N.H. 683, 685 (2012) (quotation omitted). "In reviewing the trial court's grant of summary judgment, we consider the affidavits and other evidence, and all inferences properly drawn from them, in the light most favorable to the non-moving party." Id. "If our review of that evidence discloses no genuine issue of material fact, and if the moving party is entitled to judgment as a matter of law, we will affirm the grant of summary judgment." Id. "We review the trial court's application of the law to the facts de novo." Id. at 686. The enforceability of a trial de novo provision in an automobile insurance contract is an issue of first impression for this court.

Allstate first argues that the trial court erred when it concluded that the trial de novo provision contravenes New Hampshire public policy that favors the use and finality of arbitration. It asserts that the "general policy favoring arbitration does not render a contractual provision making arbitration non-binding unenforceable." It further contends that, because neither state nor federal arbitration statutes prohibit parties from agreeing to non-binding arbitration, and Superior Court Civil Rule 30(b) specifically allows parties to elect non-binding arbitration as a means of solving disputes, the trial de novo provision is enforceable.

Rizzo counters that an "'arbitration' that does not resolve a dispute with finality is not really an 'arbitration.'" He contends that New Hampshire public policy, as expressed by statute, favors the finality of arbitration awards by limiting a court's ability to vacate an arbitration award to situations involving "fraud, corruption, or misconduct by the parties or by the arbitrators," RSA 542:8 (2007), none of which are present in this instance. He further asserts that allowing trial de novo after arbitration "nullif[ies] the entire 'arbitration,'" and turns it into a "meaningless and unproductive waste of time and money." He also argues that the trial de novo provision is inconsistent with public policy

3

that favors arbitration.  We agree with Allstate that the trial de novo provision does not violate public policy regarding arbitration.

As a threshold matter, we note that under the trial de novo provision at issue, if an arbitration award does not exceed the financial responsibility limits, it is binding and can be modified or vacated only for the specific reasons set forth in RSA 542:8 (allowing a superior court to correct or modify an arbitration award for "plain mistake," or to vacate an award for "fraud, corruption, or misconduct").  However, if, as here, an arbitration award is greater than the financial responsibility limits, and a party exercises its contractual right to a trial de novo, there is no binding award for the trial court to confirm or vacate.  Therefore, the trial de novo provision does not violate RSA 542:8.

Turning to the parties' public policy arguments, we recognize that, in general, parties to a contract "are bound by the terms of an agreement freely and openly entered into, and courts cannot make better agreements than the parties themselves have entered into or rewrite contracts merely because they might operate harshly or inequitably."  Mills v. Nashua Fed. Sav's and Loan Assoc., 121 N.H. 722, 726 (1981).  However, "we will not enforce a contract or contract term that contravenes public policy."  Harper v. Healthsource New Hampshire, 140 N.H. 770, 775 (1996).

> An agreement is against public policy if it is injurious to the interests of the public, contravenes some established interest of society, violates some public statute, is against good morals, tends to interfere with the public welfare or safety, or, as it is sometimes put, if it is at war with the interests of society and is in conflict with the morals of the time.

Id. (quotation omitted).  "Declaration of public policy with reference to a given subject is regarded as a matter primarily for legislative action."  Welzenbach v. Powers, 139 N.H. 688, 690 (1995) (quotation omitted).

It is notable that the New Hampshire Legislature has not made an explicit decision as to whether a trial de novo provision must — or cannot be — included in uninsured motorist policies.  Other state legislatures have made an explicit policy choice.  For example, California law requires that parties resolve uninsured motorist disputes by binding arbitration, and California courts have not enforced trial de novo provisions.  See Chrisman v. Superior Court, 236 Cal. Rptr. 703, 704-05 (Ct. App. 1987) (holding that a trial de novo provision is unenforceable because Cal. Ins. Code § 11580.2(f) (2006) requires that uninsured motorist disputes be settled by binding arbitration).  In contrast, Illinois law requires that uninsured motorist policies include trial de novo provisions.  See Phoenix Ins. Co. v. Rosen, 949 N.E.2d 639, 652, 654 (Ill. 2011) (holding that "if an insurance policy does not contain a trial de novo provision

in its uninsured-motorist coverage, it is contrary to [215 Ill. Comp. Stat. Ann. 5/143a (1) (2006)]").

In the absence of a clear legislative directive, courts in a number of states have concluded that trial de novo provisions are inconsistent with public policy favoring arbitration, and are, therefore, unenforceable. See, e.g., Worldwide Ins. Group v. Klopp, 603 A.2d 788, 791 (Del. 1992); Schmidt v. Midwest Family Mut. Ins. Co., 426 N.W.2d 870, 874 (Minn. 1988). Courts in other jurisdictions have reached the opposite conclusion. See, e.g., Hayden v. Allstate Ins. Co., 5 F. Supp. 2d 649, 653 (N.D. Ind. 1998) ("[The] court is not required to favor arbitration over the unambiguous term of the contract. The public policy of Indiana does not require such an outcome . . . ."); Phoenix Ins. Co., 949 N.E.2d at 656 (holding that "allowing either party to reject an award over the statutory minimum for liability coverage does not violate public policy"); Zappia v. St. Paul Fire and Marine Ins. Co., 847 N.E.2d 597, 601 (Ill. App. Ct. 2006) (holding that a "trial de novo provision does not contravene the policy of binding arbitration, as [our state] encourages arbitration even when it is nonbinding").

We have recognized that arbitration provides parties with a "speedy and inexpensive resolution of a dispute," Demers Nursing Home, Inc. v. R. C. Foss & Son, Inc., 122 N.H. 757, 761 (1982), while saving "scarce and valuable legal and judicial time and talent," Pittsfield Weaving Co., Inc. v. Grove Textiles, Inc., 121 N.H. 344, 348 (1981). Although, as a general proposition, arbitration benefits the parties and the public, the "principle that doubt should be resolved in favor of arbitration does not relieve a court of the responsibility of applying traditional principles of contract interpretation in an effort to ascertain the intention of the contracting parties." Appeal of Town of Bedford, 142 N.H. 637, 640 (1998) (quotation omitted). Therefore, we agree with the reasoning of the New Jersey Appellate Division that:

> Although the public policy of this State is to favor arbitration . . . [t]he parties may shape their arbitration in any form they choose and may include whatever provisions they wish to limit its scope. . . . Thus the ascertainable public policy here is to encourage resort to arbitration while preserving full flexibility to the parties to elect or reject, and to structure and limit, that process as they choose.

Cohen v. Allstate Ins., 555 A.2d 21, 23 (N.J. Super. Ct. App. Div. 1989) (citations omitted). We conclude that the trial de novo provision does not contravene New Hampshire public policy regarding arbitration. Our conclusion comports with New Hampshire court rules, which give parties the freedom to agree to binding or non-binding alternative dispute resolution. See Super. Ct. Civ. R. 30(b) (stating, in the context of court-ordered mediation, "[i]f the parties agree, they may elect a form of alternative dispute resolution other than

mediation (e.g. neutral evaluation, non-binding arbitration or binding arbitration)").

Allstate next argues that the trial court erred when it concluded that the trial de novo provision is unenforceable because it contravenes the public policy embodied in the uninsured motorist statute in effect at that time. RSA 264:15, I (Supp. 2009) (amended 2015). We have stated that the purpose of the uninsured motorist statute is to place "insured persons in the same position that they would have been if the offending uninsured motorist had possessed comparable liability insurance." Rivera v. Liberty Mut. Fire Ins. Co., 163 N.H. 603, 608 (2012) (quotation and emphasis omitted). Rizzo argues that, because the trial de novo provision requires a person seeking uninsured motorist coverage to participate in "an expensive, time consuming and ultimately useless arbitration proceeding" that is different from the procedure for making a claim against a motorist with adequate coverage, it does not place the insured in the "same position." We agree with Allstate.

The uninsured motorist statute in effect in 2009 required that, if an insured elected to purchase liability coverage in an amount greater than the financial responsibility limits, the policy include an identical amount of uninsured motorist coverage. RSA 264:15, I (Supp. 2009); see Swain v. Employers Mut. Cas. Co., 150 N.H. 574, 578 (2004) (holding that RSA 264:15, I, required an insurance policy to offer "uninsured motorist coverage in an amount equal to the amount of general liability coverage"). However, the statute did not require that liability coverage and uninsured motorist coverage be identical in all respects. See Swain, 150 N.H. at 578 (holding that RSA 264:15, I, did not require mutuality with regards to what automobiles were covered); Gisonni v. State Farm Mut. Auto. Ins. Co., 141 N.H. 518, 520-21 (1996) (holding that RSA 264:15, I, did not require complete mutuality with regard to the territorial limits of coverage). Accordingly, we conclude that the trial de novo provision does not contravene public policy as codified in RSA 264:15, I (Supp. 2009).

Allstate also argues that the trial court erred when it concluded that the trial de novo provision contravenes the public policy underlying New Hampshire's Unfair Insurance Trade Practices Act. See RSA ch. 417 (2015). Allstate argues that "[t]here is no reason to believe Allstate would exercise the de novo [provision] in bad faith, and it was improper for the trial court to strike the [provision] based on nothing more than speculation." Rizzo counters that the trial court was correct when it ruled that, "[e]ven if the provision [in Allstate's policy] does not per se constitute an unfair practice, the statute and the statutory scheme as a whole suggests an animus towards the use of insurance clauses that operate unfairly." Again, we agree with Allstate.

6

The Act provides that it is an "unfair claim settlement practice[]" for an insurance company to "[a]dopt[] or mak[e] known to insureds or claimants a policy of appealing from arbitration awards in favor of insureds or claimants for the purpose of compelling them to accept settlements or compromises less than the amount awarded in arbitration." RSA 417:4, XV(a)(6) (2015). There is no evidence in the record that suggests that Allstate has a policy of appealing arbitration awards for the purpose of compelling claimants to accept settlements lower than the arbitration award. The trial de novo provision itself is not a policy: it simply gives either party the right to a de novo trial if an arbitration award exceeds the financial responsibility limits. We conclude that the trial de novo provision does not violate the public policy that underlies the Unfair Insurance Trade Practices Act.

We now turn to the issue of unconscionability. The trial court reasoned, and Rizzo argues on appeal, that the trial de novo provision is unconscionable because Rizzo — as a passenger as opposed to the policyholder — was not in a position to bargain for different insurance terms or choose a different carrier, and because the provision unreasonably favors the insurer. Allstate argues that the provision is not unconscionable because there is no evidence that the policyholder lacked choice when choosing to purchase the Allstate policy. It also contends that the trial de novo provision does not unreasonably favor Allstate. We are not persuaded that the trial de novo provision is unconscionable.

We reject the proposition that Rizzo's status as a passenger in the vehicle has any bearing on the unconscionability analysis. It is not disputed that Rizzo, as a passenger in the insured vehicle with the policyholder's permission, is an "insured person" under the policy and is, therefore, an intended third-party beneficiary of the insurance contract. It is "generally recognized that third-party beneficiaries of an insurance contract are bound by arbitration . . . agreements which are part of the contract." 15 Lee R. Russ & Thomas F. Segalla, Couch on Insurance 3d § 210:17, at 210-16 (1999). "An arbitration agreement may be enforced by or against a non-party who is an intended third party beneficiary of that agreement." Licata v. GGNSC Malden Dexter LLC, No. SUCV2011-02815-A, 2012 WL 1414881, at *7 (Mass. Super. Ct. Mar. 14, 2012), aff'd, 2 N.E.3d 840 (Mass. 2014). We agree with the Pennsylvania Supreme Court that:

> An injured person who makes a claim for uninsured motorist benefits under a policy to which he is not a signatory is in the category of a third party beneficiary. . . . [T]hird party beneficiaries are bound by the same limitations in the contract as the signatories of that contract. The third party beneficiary cannot

recover except under the terms and conditions of the contract from which he makes a claim.

Johnson v. Pennsylvania Nat. Ins., 594 A.2d 296, 298-99 (Pa. 1991). Consequently, we conclude that Rizzo's status as a passenger does not require that we deviate from our usual unconscionability analysis.

"Unconscionability has generally been recognized to include an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party." Pittsfield Weaving Co., Inc., 121 N.H. at 346 (quotation omitted). The existence of gross inequality of bargaining power is a factor to be considered. Id. "Difference in size is not to be equated per se with difference in the power to bargain." Cailler v. Humble Oil & Refining Co., 117 N.H. 915, 919 (1977). We have observed that "courts cannot make better agreements than the parties themselves have entered into or rewrite contracts merely because they might operate harshly or inequitably." Appeal of Silverstein, 163 N.H 192, 202 (2012) (quotation omitted).

We first consider whether the policyholder lacked meaningful choice when she chose to contract with Allstate. Pittsfield Weaving Co., Inc., 121 N.H. at 346. The trial court correctly observed that insurance policies are contracts of adhesion in which there is little equality of bargaining power. However, superior bargaining power benefitting the favored party is not sufficient to render a contract provision unconscionable. Hydraform Prods. Corp. v. American Steel & Alum. Corp., 127 N.H. 187, 195 (1985). Rather, the relevant inquiry is "whether the bargaining power is so disparate that the weaker party is left without any genuine choice." Id. This conclusion "can be difficult to draw when the favored party has competitors with whom the other party may deal." Id. Here, there is no evidence in the record as to whether trial de novo provisions are present in the uninsured motorist provisions of automobile insurance policies offered in New Hampshire by other insurance companies. Thus, we cannot conclude that the policyholder lacked meaningful choice when purchasing the policy from Allstate.

Rizzo next argues that the provision is unconscionable because the contract terms are unreasonably favorable to Allstate. Rizzo contends that the trial de novo provision offers Allstate an unreasonably favorable "escape hatch," protecting it from high arbitration awards. Courts disagree as to whether trial de novo provisions unreasonably favor insurers and whether the provisions are enforceable.

A number of courts have concluded that trial de novo provisions are unconscionable because they unreasonably benefit insurance companies. See Worldwide, 603 A.2d at 791 (observing that "[w]hile high awards may be

appealed by either party, common experience suggests that it is unlikely that an insured would appeal such an award"); Padilla v. State Farm Mut. Auto. Ins. Co., 68 P.3d 901, 907 (N.M. 2003); Zak v. Prudential Property & Cas. Ins. Co., 713 A.2d 681, 684 (Pa. Super. Ct. 1998). We, however, agree with the many courts that have concluded that trial de novo provisions do not unreasonably favor insurance companies. See Phoenix Ins. Co., 949 N.E.2d at 655-56; Hayden, 5 F. Supp. 2d at 653; Liberty Mut. Fire Ins. Co. v. Mandile, 963 P.2d 295, 299-300 (Ariz. Ct. App. 1997); Allstate Ins. Co. v. Balsamello, 643 N.Y.S.2d 184, 185 (App. Div. 1996); Cohen, 555 A.2d at 23-24. As the Arizona Court of Appeals explained:

> When a plaintiff who thinks his case is worth $300,000 gets only $50,000 from the arbitrators, that plaintiff will want the option of an appeal (and may use that option as a leverage point in settlement discussions). Conversely, an insurance company that thinks a case is defensible, and is ordered to pay [a dollar below financial responsibility limits] may wish it could appeal but will lack the right to do so. The de novo appeal right, overall, is probably as important to plaintiffs as to defendants.

Phoenix Ins. Co., 963 P.2d at 300. The notion that the right to elect a trial de novo may benefit the insured is not a mere abstraction: there are instances when insureds have invoked the right to a trial after receiving an arbitration award that exceeded the financial responsibility limit, but was lower than the insured thought the case was worth. See Zappia, 847 N.E.2d at 598 (insured invoked trial de novo provision after arbitration award exceeded the $20,000 financial responsibility limit); Kost v. Farmers Auto. Ins. Ass'n, 766 N.E.2d 676, 677 (Ill. App. Ct. 2002), overruled on other grounds by Phoenix Ins. Co., 949 N.E.2d at 656 (insured invoked trial de novo provision after arbitrators awarded $150,000 in recoverable damages). Accordingly, we conclude that the provision does not unreasonably favor Allstate and that the trial court erred when it ruled that the trial de novo provision is unconscionable.

Turning to the last issue before us, the trial court ruled that the trial de novo provision is unenforceable because it is ambiguous. Allstate argues that the policy language is clear, and consistent with other provisions in the policy. Rizzo counters that the trial de novo provision is ambiguous because it cannot be read harmoniously with another provision in the policy. Again, we agree with Allstate.

Interpretation of the language in an insurance policy presents a question of law. Barbuto v. Peerless Ins. Co., 156 N.H. 565, 566 (2007). We review the trial court's interpretation of the trial de novo provision, including its conclusion as to whether that provision is ambiguous, de novo. See EnergyNorth Natural Gas v. Continental Ins. Co., 146 N.H. 156, 159 (2001).

9

We construe the language of an insurance policy as would a reasonable person in the position of the insured based upon a more than casual reading of the policy as a whole.  Barbuto, 156 N.H. at 566.  Where the terms of the policy are clear and unambiguous, we accord the language its natural and ordinary meaning.  Id.

The section of the policy that addresses disagreements between insured persons and the company states that "[i]f an insured person or **we** don't agree on that person's right to receive any damages or the amount, . . . the disagreement will be settled by arbitration."  Three brief paragraphs immediately follow this introductory language: the first provides additional information about the method of arbitration; the second states "[r]egardless of the method of arbitration, any award not exceeding the limits of the Financial Responsibility law of New Hampshire will be binding and may be entered as a judgment in a proper court"; and the third paragraph includes the trial de novo provision at issue here:

> Regardless of the method of arbitration, when any arbitration award exceeds the Financial Responsibility limits in the State of New Hampshire, either party has a right to trial on all issues in a court of competent jurisdiction.

Given the language, structure, and context of this section of the policy, we conclude that a reasonable person in the position of the insured would understand that any arbitration award below the financial responsibility limits is binding, whereas either party has the right to elect a trial if an award exceeds the financial responsibility limits.

Finally, Rizzo argues that the policy is ambiguous because a "so-called arbitration that can be appealed for a trial de novo is simply not an 'arbitration.'" (Quotation omitted.)  However, as discussed earlier, we reject the proposition that non-binding arbitration is not arbitration.  The mere fact that an arbitration award will be binding under some circumstances, and non-binding under other circumstances, does not create an ambiguity.

In sum, we conclude that the trial court erred when it ruled that the trial de novo provision is unenforceable and confirmed the arbitration award.

Reversed and remanded.

LYNN, C.J., and HANTZ MARCONI, J., concurred; DALIANIS, C.J., retired, specially assigned under RSA 490:3, concurred.

10